No. 75.—Andrew Howell, plaintiff in error, *vs.* James J. Blackwell, defendant in error.

[1.] Where a witness had been subpœnaed, in a criminal prosecution, to attend Court out of the County of his residence, in behalf of the defendant who was acquitted on the trial: *Held,* that such witness had no legal authority to charge for his attendance and mileage, and collect the same on his subpœna, as an execution against such defendant.

Illegality, in Lumpkin Superior Court.   Decided by Judge WRIGHT, March Term, 1849.

James J. Blackwell, of Elbert County, was subpœnaed to attend as a witness for the defendant, on the trial of an indictment for perjury, in Lumpkin County.   The defendant, (Howell,) was acquitted.   Blackwell's subpœna, regularly proven, for attendance and mileage, was levied on the property of Howell, who filed this affidavit of illegality; and the sole question was, the liability of a defendant, after acquittal, for the fees of witnesses from another County, subpœnaed in his own behalf.

The Court below dismissed the illegality, and Howell appealed to this Court.

W.  H.  UNDERWOOD, for plaintiff in error.

Solicitor General WORD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.]  We are not aware of any Statute in this State, which authorizes witnesses subpœnaed at the instance of a defendant in a criminal cause, who has been acquitted, to charge and collect by execution, for his *attendance* and *mileage* out of the County in which such witness resides.

The Act of 1836 applies only to such witnesses as are compelled to attend the Superior Courts in behalf of the State, out of the Counties in which they may reside.  *Prince*, 476.   There being no authority for the proceeding of the defendant in error, to charge and collect his attendance and mileage, by virtue of his subpœna, as an execution against the plaintiff in error, according to the facts stated on the record, the judgment of the Court below must be reversed.