THE COMMISSIONERS OF FLOYD COUNTY *vs*. BLACK.

[Jackson, Justice, was providentially prevented from presiding in this case.]

Witnesses attending committing trials under subpœna in counties other than of their residence, are not entitled to $2.00 per day for such service. Such compensation is only allowed them for attendance upon the superior court.

Criminal law. Costs. Witness. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1880.

Reported in the opinion.

HALSTED SMITH; D. B. HAMILTON, for plaintiffs in error.

J. BRANHAM, for defendant.

HAWKINS, Justice.

On the third day of December, 1878, J. R. Towers, justice of the peace, issued a subpœna, as follows:

"GEORGIA—Floyd county:

"To James Blount, of said county, greeting: You are hereby commanded that, laying all other business aside, you be and appear at the justice court of the 919th district, to be held in and for said county, on the fifth day of December instant, by 10 o'clock A. M., at the court-house, then and there to be sworn as a witness for the state in the case of the State *vs*. J. R. Cooper and C. C. Ellis, in an action of murder in said court pending. Herein fail not under the penalty of the law.

"December 3d, 1878.

[Signed]                                    J. R. JONES,
                              N. P. and ex-officio justice, etc."

On the back was indorsed the affidavit of Blount that he attended court three days, and resided out of the county, dated December 9th, 1878, at $2.00 per day; approved by J. W. Underwood, judge superior court, and paid by the tax collector on the same day.

Suit was brought in the justice court for the 919th district by Black, the tax collector, against the county of Floyd, for the said sum of $6.00, on said subpœna transferred to the said Black, and judgment rendered without other evidence but on the subpœna so transferred, from which judgment a *certiorari* was sued out, and the judge, on the hearing, overruled the *certiorari*, and gave judgment for the plaintiff, to which decision the county of Floyd excepts. This is the only error, no point being made that a *certiorari* was not the proper remedy.

We know of no law allowing conpensation to witnesses from other counties attending courts of inquiry on commitment trials.

There is a law allowing $2.00 per day for witnesses for the state, in attending the trial of criminal cases in the superior court, residing without the county. In the absence of legislation authorizing it, we hold that the witness was not entitled to the $2.00 per day in attending a commitment trial for the crime of murder. If the witness had been required to appear at the superior court to give evidence on the trial there, or before the grand jury, and had appeared in obedience to a subpœna, he would have been entitled to $2.00 per day for each day he attended, and the like amount for every thirty miles going and returning from the court. The county of Floyd, in our opinion, is not liable to the plaintiff for the $6.00 sued for, and therefore the judgment of the court below must be reversed.

Judgment reversed.