JOSEPH FISH ET AL.

v.

JOHN V. FARWELL ET AL.

*Practice—Costs—Retaxation of—Witness Fees—Non-suit—Sub. 5, Sec.*
*16, Chap. 25, R. S.—Attendance—Mileage —Travel, outside the State.*

1. Mileage for travel outside the State can not be taxed as costs in civil
causes.
2. The fact that a certain witness was not examined at a given term
does not warrant the withholding of his fees.
3. A witness may file his affidavit at each term of court, or wait till the
term at which the judgment is rendered and then do so, showing therein
the number of days he attended at each term, in which case the clerk is
authorized to make up and enter the costs in the fee book.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MOSES & NEWMAN, for appellants.

Messrs. TENNEY, DRIGGS & HAWLEY, for appellees.

MORAN, J.   This is an appeal from the order of the Superior Court, refusing to retax costs in said case.   By stipulation between the attorneys the cause was set for trial before Judge Gary on the 25th day of June, 1888.

The defendants prepared for trial on that day, and had their witnesses in attendance, but the court was engaged in the trial of another case, and defendants had to keep their witnesses in court, awaiting the calling of the case, until July 2d, when, by agreement, the case was continued over the summer vacation, and set for trial in September before the same judge. After the trial when entered upon in September had progressed for two days, plaintiffs took a non-suit, and judgment was rendered against them for costs, and the clerk taxed against them the attendance of defendants' witnesses in June, though the said witnesses did not claim their attendance till the judgment was rendered at the September term.   It is contended that this is in violation of Sub. 5, Sec. 16, Chap. 25, R. S., which provides that the clerk shall keep "a fee book, in which shall be distinctly set down any item under the proper title of the cause and heads, the costs of each suit, including clerk's, sheriff's and witness' fees, stating the name of each witness having claimed his attendance during the term, with the number of days he attended at each term."

The point is not well taken.   We think the proper construction of the entire clause is that a witness may file his affidavit claiming his fee at each term, or may at the term at which judgment is rendered, file his affidavit showing the number of days he attended at each term, and that the clerk is then authorized to make up and enter the costs in the fee book. And such, as we understand, has been the practice.

The fact that the witnesses were not examined at the June term constituted no ground for denying them attendance. It was the duty of defendants to have their witnesses in court when they were in constant expectation of entering upon the trial, and the costs incurred in so doing are properly taxable against the plaintiffs.

The clerk in taxing costs allowed to one witness mileage for 700 miles, and to another mileage for 1,240 miles. We have no statute which authorizes the allowance or payment of mileage for travel outside the State to witnesses in civil cases. Costs were not given at common law, and are not taxable or recoverable when not awarded by statute.

Appellant's counsel have cited us to a number of cases in which the question of the allowance as costs of the mileage of witnesses for travel outside the State has been considered, and in all of them it is decided that such mileage can not be taxed as costs. Melven v. Whiting, 13 Pick. 184; White v. Judd, 1 Met. 293; Howell v. Blackwell, 7 Ga. 443; Kingfield v. Pullen, 54 Me. 398; Howland v. Lenox, 4 Johns. 311; Gunnison v. Gunnison, 41 N. H. 121; Crawford v. Abrahams, 2 Ore. 165.

Those decisions we deem sound. The law provides for taking the depositions of witnesses by commission, and the bringing the witnesses from great distances and from beyond the limits of the State, ought not to be encouraged. We think the court erred in refusing to strike out the allowance for mileage for said witnesses outside the State, and in not directing a re-taxation of the costs so as to relieve appellant from said charge for mileage.

The order appealed from must be reversed and the matter remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Judge GARY takes no part in this case, having tried it in the Superior Court.