### HARRIS v. EARLY COUNTY.

Unless at the time a subpœna for a non-resident witness for the State in a criminal case is issued, it is signed both by the clerk of the superior court and the solicitor-general of the circuit, it is void; and though such witness may attend thereon, he is not entitled to compensation under the provisions of section 3845 of the code.

April 29, 1895.   Brought forward from the last term.

*Certiorari.* Before Judge BOWER. Early superior court. April term, 1894.

G. D. OLIVER and A. G. POWELL, for plaintiff.

R. H. SHEFFIELD, for defendant.

ATKINSON, Justice.

Whatever considerations of public policy may have influenced the General Assembly in requiring subpœnas for non-resident witnesses in criminal cases, who are desired to testify on behalf of the State, to be signed by the solicitor-general of the circuit before they were issued by the clerk, it nevertheless was so enacted; and accordingly, section 3845 of the code provides that "no subpœna for a non-resident witness for the State shall be issued, unless the same shall be signed by the clerk of the court and the solicitor-general of the circuit." The evident purpose of the General Assembly was to leave the selection of witnesses to be sworn on behalf of the State, and to be paid out of the county treasury, to the selection of that officer who by law was charged with representing the interests of the State in criminal prosecutions. In the case under consideration, the plaintiff in error resided without the limits of the county in which the criminal prosecution was pending; the clerk of the superior court issued an ordinary subpœna addressed to him, and upon that he attended the court. This subpœna being issued without having first been countersigned by the solicitor-general, was issued in direct contravention of the provision of the code now under

consideration. Any process which issues against the prohibition of a statute is void, and the person to whom it is directed is under no obligation to obey its mandate. This witness might have disregarded entirely this void process; but inasmuch as he saw proper to attend the court thereunder, he must be treated in law as a mere volunteer, and not as attending in obedience to the mandate of a lawful process. By the very terms of the act, he was not entitled to either his *per diem* or mileage allowance, and the judgment of the court disallowing his claim was correct, and is, accordingly, *Affirmed.*