## 1231. IVEY *v.* THE STATE.

1. An ordinary subpoena signed by the clerk and issued on behalf of the defendant in a criminal case is sufficient to compel the attendance of a witness from any portion of the State. It is not required that subpoenas for the defendant's witnesses residing out of the county of the prosecution shall be countersigned, either by the presiding judge or the solicitor-general.
2. If a panel of less than forty-eight jurors is put upon the prisoner and he does not challenge the array, but proceeds with the selection of the jury, he can not thereafter, as a matter of right, demand the filling of the panel.
3. A voluntary confession or incriminatory statement is not inadmissible merely because it was made pending an illegal arrest.

Indictment for uttering forged check, from Warren superior court—Judge Worley. May 5, 1908.

Submitted June 30,—Decided Ocober 12, 1908.

*M. L. Felts,* for plaintiff in error.

*David W. Meadow, solicitor-general, E. P. Davis,* contra.

POWELL, J. Tutt Ivey was prosecuted for knowingly uttering a forged check. He presented at the Citizens Bank of Warrenton a forged check purporting to be signed by one of its customers, payable to Will Smith and endorsed in blank in the name of Will Smith. There was evidence from which the jury might have found that the defendant himself committed the forgery, as well as uttered it; but he set up, that he got the check innocently from Will Smith at Macon, Ga., in the presence of John Ivey; that Will Smith had gone on to Tampa, Fla., but John Ivey was still at Macon. He made a motion for continuance, on the ground, that he had placed a subpoena in the hands of the sheriff of Warren county for John Ivey, and that by reason of the fact that the sheriff had not served the subpoena the witness was absent. It appears, from the note of the presiding judge, that this motion for continuance was overruled on the ground that the subpoena was not countersigned by the judge or by the solicitor-general. If the

judge had placed the exercise of his discretion on the ground that the showing was otherwise deficient, we might not reverse his judgment, but the reason given for refusing to grant the continuance is entirely insufficient. There is no law requiring the signature of the judge or of the solicitor-general to a subpœna for the attendance of a non-resident witness for the defendant. The Penal Code, §1114, provides that "no subpœna for a non-resident witness for the State shall be issued, unless signed by the clerk of the court and the solicitor-general of the circuit." As to non-resident witnesses for the State this is mandatory. *Harris* v. *Early County*, 96 *Ga.* 186 (22 S. E. 704). Penal Code sections 1115 to 1117 inclusive relate to the method of computing and collecting the fees of non-resident witnesses subpœnaed on behalf of the State. Section 1118 is as follows: "The foregoing provisions of this article shall apply to the defendant's witness when, in the discretion of the presiding judge, the end of justice may demand it." An examination of the statutes and the amendments to statutes on which these code sections are based will disclose that the words "foregoing provisions," found in section 1118, apply to the three sections immediately preceding, and not also to section 1114. (Compare the act approved August 1, 1879, Ga. Laws 1878-9, p. 66, with the act approved October 8, 1879, Georgia Laws 1878-9, p. 47.) That is to say, it simply provides that the judge may require the fees of non-resident witnesses for the defendant to be paid by the county, at the rate and in the manner prescribed as to State's witnesses. This is in general done by an order passed by the judge after the witness has attended and he has satisfied himself, from an investigation into the facts, that there has been no collusion between the witness and the party to have the former subpœnaed for the purpose of making a claim for fees, and that the defendant is unable to pay the fees (or under the particular circumstances should not be put to the injustice or hardship of doing so), and that the substantial justice of the whole situation requires that the county, and not the witness or the defendant, should pay the amount of expense thus incurred. In some cases, for instance, where the judge has information in advance that the witness is too poor to pay his expenses in coming to the trial, and his testimony is important, it is expedient and altogether legal for the court to order that the witness be sub-

pœnaed for the defendant at the expense of the county. Primarily, of course, the defendant is chargeable with the fees of his own witnesses. He is not chargeable, however, unless he is convicted. *Howell* v. *Blackwell, 7 Ga.* 443; *Roberts* v. *State, 72 Ga.* 677; Constitution, art. 1, sec. 1, par. 10 (Civil Code, § 5707). It must be remembered that the constitution guarantees that every person charged with an offense against the laws of this State "shall have compulsory process to obtain the testimony of his own witnesses." (Civil Code, § 5702.) The ordinary process is a subpœna signed by the clerk; certain rare cases, as where the witness is a prisoner or a convict, are the exceptions. A subpœna in a criminal case is sufficient to compel the attendance of a witness from any part of the State. The requirement that the solicitor-general shall countersign the subpœnas for non-resident witnesses for the State is a salutary provision; for he is the State's counsel and is informed as to what witnesses are essential to the establishment of the State's case. As to the prisoner's defense, this officer, however, has an adverse relation; not he, but the prisoner and his counsel, should determine what witnesses will be needed in the defense. It would be unreasonable to hold, in the absence of clearest legislative declaration to the contrary, that the defendant, in order to enjoy his constitutional right of compulsory process for the attendance of such of his witnesses as live out of the county, should inform the State's counsel of the names of these witnesses, and disclose to him the materiality of their testimony, and that even the very privilege of compulsory process itself should be dependent upon the State's counsel's liberality, or even discretion, in approving the subpœnas. We seriously doubt that such a limitation upon the guaranteed compulsory process could be upheld as against proper constitutional attack. In the language of an old time lawyer—not a solicitor-general, "The State has vested rights; but the defendant has *some* rights."

2. A panel of twenty-five jurors was put upon the prisoner. So far as the record discloses, he made no objection—in no wise challenged the array. The record being silent on the question, it will be presumed that the panel was put upon the prisoner with the ordinary formality. *Reed* v. *State, 73 Ga.* 567. Just before the panel was exhausted, he demanded the full panel of forty-eight. The court refused this demand and put the subsequent

jurors upon him in small panels. Certainly the prisoner is entitled to have every panel put upon him in the manner prescribed by law, unless he waives the formality; and the first panel should consist, in a felony case, of forty-eight jurors. This is a valuable right, and will be enforced by the courts. *Cochran* v. *State,* 62 *Ga.* 731. We digress to say that the opinion by Judge Bleckley in the case just cited should be read periodically by every judge and lawyer. We sometimes become impatient with what we call the technicalities of the law; to read this opinion brings us back to a truer appreciation of what a noble thing it is to obey the law as it is written. To return to the discussion, the putting on of the panel may be waived expressly or by implication. *Vaughn* v. *State,* 88 *Ga.* 731 (16 S. E. 64). If the panel does not contain the requisite number of jurors when it is put upon the defendant, the law prescribes, in Penal Code, § 972, his sole remedy,—he may challenge the array. If he does not challenge the array, no other method of complaint as to the deficiency of the panel is open to him. *Jordan* v. *State,* 22 *Ga.* 546; *Thomas* v. *State,* 27 *Ga.* 287; *Moon* v. *State,* 68 *Ga.* 695. If the jury can not be made up from the first panel, "the court shall continue to furnish panels of such number of jurors as the court in its discretion may think proper, until a jury is obtained." Penal Code, § 858.

3. A voluntary confession or incriminatory statement is not inadmissible merely because it was made pending an illegal arrest. *Thompson* v. *State,* ante, 649 (62 S. E. 99).

Solely for the error dealt with in the first division of this opinion the judgment is reversed.                 *Judgment reversed.*