**Charles J. Wolf, Agent for Christian Ramsaier, Appellant, v. Meyer L. Levison, Appellee.**

### Gen. No. 26,474.

1. COSTS—*when court without power to direct clerk to enter witness fees.* Where claims for witness fees are not presented to the clerk for taxation at the judgment term or prior thereto, the court is without power after the judgment term to direct the clerk to enter such fees.

2. COSTS—*when order directing clerk to enter witness fees erroneous.* Where the court ordered the clerk to enter witness fees on claims therefor not presented until after the judgment term and plaintiff replevied the fee bill and gave a bond and the sheriff returned the fee bill and bond into court, such order was held erroneous, the judgment reversed and the cause remanded with direc-

tions to quash the fee bill and bond and to correct the fee book accordingly.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded with directions. Opinion filed February 14, 1922.

RANKIN & LUSTFIELD, for appellant.

HARRY H. LEVY, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

On December 13, 1919, the court directed a verdict for the defendant, appellee herein, and entered a judgment of *nil capiat* and for costs and execution. That was the last day of the November, 1919, term.

On January 13, 1920, one of the days of the December, 1919, term, affidavits by three witnesses claiming attendance at the trial at the instance of defendant were filed with the clerk claiming their witness fees. The clerk refused to tax them as costs. On January 16, 1920, the court on defendant's motion entered an order on the clerk to tax the fees of said witnesses as claimed, and the fees were taxed accordingly, and a fee bill therefor issued to defendant which was placed in the hands of the sheriff for execution. Plaintiff replevied the fee bill, giving his bond as provided by statute, and the sheriff returned the fee bill and bond to the court. Plaintiff then moved to quash the fee bill and bond so returned and to correct the taxation of costs, claiming that the court was without power or jurisdiction to enter such order at a term subsequent to the judgment term. The court denied the motion and plaintiff appealed.

Subdivision 5, sec. 16, ch. 25, Hurd's Rev. St. (Cahill's Ill. St. ch. 25, ¶ 16) requires that among the items the clerk shall set down in the fee book are "wit-

ness fees, stating the name of each witness having claimed his attendance during the terms, with the number of days he attended at each term.'' This clause was construed in *Fish v. Farwell*, 33 Ill. App. 242. There witness fees for attendance at a prior term were taxed at the term when the judgment was rendered. The point made was that the witnesses did not claim their attendance until the term the judgment was rendered and that therefore the fees could not properly be set down in the fee book. The court said:

''We think the proper construction of the entire clause is that a witness may file his affidavit claiming his fee at each term, or may at the term at which judgment is rendered, file his affidavit showing the number of days he attended at each term, and that the clerk is then authorized to make out and enter the costs in the fee book.''

The construction so given seemingly requires that witness fees should be entered as costs in the fee book during the term at which the judgment is entered, and excludes the right to enter them at a subsequent term. As the right to witness fees is wholly statutory, we feel that we should adhere to this construction of the statute, which harmonizes with the provisions in the same section that when the cost of each litigant is entered in the fee book ''it shall be considered a part of the record and judgment, subject, however, at all times to be corrected by the court; and the prevailing party shall be considered as having recovered judgment for the amount of the costs so taxed in his favor, and the same shall be included in the execution issued upon such judgment.''

This is not a case where costs were improperly taxed by the clerk at the term of the judgment and the court was afterwards asked to correct them. Here the claims were not presented to the clerk for taxation at the judgment term, or prior thereto, as they should have been, according to the authority cited, and hence

we think the court was without power after the judgment term to direct the clerk to enter such fees. If the court was so authorized, then we do not see why the court may not enter such an order any time within which an execution could issue therefor.

The judgment will therefore be reversed and the cause remanded with directions to quash the fee bill and bond and to correct the fee book accordingly.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and MORRILL, J., concur.