DICKERSON, director, *v.* MANGHAM.

No. 14270.   SEPTEMBER 15, 1942.

470

*A. L. Henson, Clifford Walker,* and *Otis L. Hathcock,* for plaintiff. *Boykin & Boykin,* for defendant.

DUCKWORTH, Justice. The record does not support the statement made in the plaintiff's brief that this case involves a claim of compensation. The instrument issued by the bureau, directed to J. J. Mangham, and designated as a subpœna duces tecum, states that the inquiry and investigation that is being carried on is "as to the liability or non-liability of the employing units named above [J. J. Mangham, Bremen, Georgia, and J. J. Mangham, T/A Commercial and Exchange Bank, Bremen, Georgia], to said bureau as employers under the terms of said act." After directing J. J. Mangham to appear and produce designated records and documents, the subpœna duces tecum asserts that the "said records and documents [are] to be used as evidence in said inquiry and investigation." Therefore the statement in the plaintiff's brief that the inquiry and investigation involved a claim dispute, or any matter other than that specifically designated in the subpœna duces tecum, is unsupported by the record, and is in the outset of this opinion rejected. Our decision is confined to the subject of the inquiry and investigation of the bureau as stated in the subpœna duces tecum, since that is the basis upon which the entire case is founded. It is important that our decision be thus restricted to the case as made, because there might be a material difference in the powers of the bureau under the law if the subject of the inquiry and investigation be expanded beyond that stated in the subpœna duces tecum, to embrace the further subject of a disputed claim. Section 6 of the act relates to claims for benefits, and paragraph (g) of that section provides for the payment of fees to witnesses subpœnaed pursuant to that section. It thus appears that for witnesses appearing in response to subpœna issued under paragraph

(h) of section 11 in connection with a disputed claim, the law provides for compensation, and it is probable that they may be required to respond to such a subpœna without regard to county lines. But there is no provision in the Georgia unemployment compensation act as amended for the payment of witnesses in connection with an inquiry or investigation to determine the liabilty or non-liability of an employer to the bureau as an employer under the act. There is no provision in the general law for the payment of witnesses residing out of the county where a civil suit is tried or an inquiry and investigation is made by this bureau. Witnesses in civil cases residing in the county are allowed a per diem under the Code, § 38-1501. Non-resident witnesses for the State in criminal cases, when the subpœna is signed by the clerk and the solicitor-general, are required to attend trial, but are paid a per diem and traveling expenses from the county treasury, as provided in the Code, §§ 38-1901 to 38-1903; but a subpœna to a witness residing out of the county, not signed by both the clerk and the solicitor-general, is void, and a witness responding to it is not entitled to any compensation. *Commissioners of Floyd County* v. *Black,* 65 *Ga.* 384; *Harris* v. *Early County,* 96 *Ga.* 186 (22 S. E. 704). A defendant in a criminal case can not compel a witness residing out of the county to appear and testify, unless in the discretion of the judge he is allowed a subpœna for that purpose, which must be signed by the clerk and the solicitor-general, in which case a witness is required to appear and is allowed the same compensation from the county treasury as that allowed non-resident State's witnesses. Code, § 38-1905; *Thompson* v. *State,* 138 *Ga.* 267 (75 S. E. 357). Thus it is clear that the law does not contemplate that a person who is not a party to the case and who has no interest therein shall be compelled by any process to expend his time and money in travel, for the purpose of giving testimony or evidence in behalf of others, without being compensated for such time and expense. Indeed, to thus take one's time and expense of travel without compensating therefor would constitute taking of property without due process, and when taken by the State or its agency would be for public use without paying therefor, in violation of provisions of the State constitution.

An examination of the Georgia unemployment compensation act, and particularly section 11 thereof, discloses that the Commissioner

of Labor and all of his authorized agents are given wide and sweeping powers, with authority to direct, inspect, and copy the private records of every person in this State having one or more employees. Paragraph (g) of section 11 empowers the commissioner to require the employer to make such entries on his records as the commissioner may desire; and it further requires that such records be open to the inspection of the commissioner or his authorized agents, and that he or they shall have the right to make copies of such records "at any reasonable time and as often as may be necessary." This right and power of the commissioner and his agents is ample to acquaint the bureau at all times with every detail that the records of such employer will disclose. Commensurate with these rights, there is here imposed upon the commissioner and his authorized representatives a legal duty to thus deal with the records of the employer; and when this duty is performed, there is no justification for requiring the employer to produce the original records at such time and place as the commissioner and his representatives may choose, for the purpose of enabling them to determine from the records the liability or non-liability of such employer under the act. No information could possibly be obtained by the production of the original records that was not already in the minds of the officials of the bureau—gained from inspection, and in the files of that bureau—obtained by making copies, if those officials have performed their duties under the law. It will not be presumed that the General Assembly of this State intended by this enactment to empower the labor commissioner or his representatives to impose upon private individuals sacrifices and inconveniences which serve no purpose and contribute nothing to the full and proper administration of the law. If under the terms of the act the employer can be required in this case to transport his original records in Haralson County to an inquiry and investigation conducted by the bureau in Fulton County, such employer can by virtue of the same authority be compelled an unlimited number of times to transport his records to such inquiry and investigation by the bureau held in any county of the State, all for the purpose of supplying the bureau with information which it already has, relating to the subject of liabilty or non-liability of the employer under the act. There is neither law nor necessity for the authority here asserted and sought to be exercised by the bureau. The general law authorizing the

issuance of a subpœna duces tecum (Code, § 38-901) contemplates that this subpœna issue only to persons not parties to a case, and also that a case made by the assertion in pleadings of a fact be pending in court as a condition precedent to the issuance of this subpœna. Appropriate language as to the necessity of this condition precedent is found in *Ex parte Calhoun*, 87 *Ga.* 359, 367 (13 S. E. 694), where it was said: "It could be used to bring in evidence to show that an alleged copy was a true copy; that is, it could be used to obtain evidence as contradistinguished from discovery. To verify what is alleged is a legitimate use of the subpœna; but without anything for verification being alleged, to employ it for ascertaining what is to be verified, and at the same time for verifying the matter thus discovered, is giving it a double operation, the first half of which is illegitimate. The difference is that between making a statement and then fishing with the subpœna for proof of it, and fishing in silence for proof, treating the proof itself as supplying the statement to be established." Here the bureau neither asserts that the employing units are subject or that they are not subject to the act. In view of the language above quoted from a decision of this court, which the legislature is presumed to have known, it must be held that it was not the legislative intent that a subpœna duces tecum be employed by the commissioner and other agents of the bureau to compel the production of the employer's records at an inquiry or investigation of the officials of the bureau for the purpose of determining the liability or non-liability of such employer under the act. In such an inquiry the strict rules of evidence have no application; and the knowledge of the bureau officials, regardless of how obtained, whether by inspection of the employer's records or copies thereof, constitutes a basis for decision that is equally as valid and legal as it would have been if based upon the original records of the employer. For the reasons stated, the commissioner and his authorized agents were without lawful authority to issue the subpœna duces tecum here involved, and the superior court of Fulton County had no jurisdiction of the person of J. J. Mangham, a resident of Haralson County. It follows that the judgment excepted to must be *Affirmed. All the Justices concur.*