35076.   CAMPBELL *v*. THE STATE.

<span style="font-variant: small-caps">Decided April 6, 1954.</span>

1

2

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

GARDNER, P. J. ■ So far as the general grounds are concerned, we think that the evidence is sufficient to authorize the verdict of guilty.

■ Special ground 1 assigns error, because "Movant contends that the court erred in admitting to the jury testimony of Burch Webber, to wit: 'The case was called for trial before Captain Harry. He was under arrest. We did not have a warrant until after the hearing. The question was asked was he guilty or not guilty, in the hearing and he said, "Guilty." ' The evidence was

then and there objected to by counsel for defendant in the following language, to wit: 'We object to it because it has not been proven as to whether or not it was a court of record, and whether the testimony in the case was taken down and neither has it been shown what charge he was under and if there was a conviction or plea of guilty, the plea would be the highest and best evidence.' When and whereupon the solicitor-general inquired of the witness, Burch Webber, to wit: 'Where did you have him at the time?' To which question the witness answered: 'Before the justice of the peace, and I had him there for this same whisky.' Whereupon counsel for defendant objected to the introduction of the testimony then and there, to wit: 'We object to that because there would be a warrant and the warrant would show the charge and he is seeking to show the charge and the plea would be in writing.' When and whereupon the solicitor-general asked the witness: 'What did you have him over there for?' The witness responding, to wit: 'For possessing whisky, the same whisky he had just testified about.' When and whereupon defendant then and there, with reference to all of the above evidence above cited of Burch Webber, made the following motion, to wit: 'We move to rule out all the testimony because at that time there was no warrant.' When and whereupon the court ruled: 'He could testify whether he plead guilty.' When and whereupon the defendant's counsel responded: 'There was no charge against him.' Where and whereupon the court refused to rule out such testimony, and permitted same to go to the jury, which defendant then and there excepted to and now excepts to and assigns said ruling as error."

Special ground 2 assigns error as follows: "Defendant contends that the court erred in admitting evidence of Burch Webber, a witness for the prosecution, under the examination of the solicitor-general, to wit: 'What did you do in this case?' When the witness responded: 'We saw the man he was working for, Mr. Lewis.' The solicitor-general further interrogated the witness, to wit: 'What did you tell Mr. Lewis?' Whereupon the witness stated: 'I told him we found whisky out there, and he told me he would bring him to the city hall on a certain date and he was there that date.' When and whereupon defendant objected to the admission of this evidence, when the same was

offered, in the following language: 'We object to that, because the defendant was not present and anything he told Mr. Lewis would not be binding upon the defendant.' When and whereupon the solicitor responded: 'I want to explain this man's conduct.' When and whereupon the court ruled, 'Go ahead.' Such evidence was admitted bringing in a conversation had between the prosecuting witness, Mr. Webber, and Mr. Lewis, in which Mr. Webber told Mr. Lewis that he had found whisky out there."

Special ground 3 assigns error as follows, because: "Defendant contends that the court erred in charging the jury to wit: 'I charge you that when testimony in the nature of an alleged confession is offered it is for the jury to determine whether or not such alleged confession was in point of fact made, and if the jury believes there was a confession then and there and in that event the following principles of law would govern the jury in determining the weight of such testimony with reference to an alleged confession. All admissions should be scanned with care and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction. To make a confession admissible it must have been made freely and voluntarily without being induced by another by the slightest hope of benefit or the remotest fear of injury. If the jury should believe that a confession was made by the defendant which was induced by another by the slightest hope of benefit or the remotest fear of injury, then and in that event it would be the duty of the jury to disregard that confession. In order for the hope of benefit and fear of injury, if any, to render a confession, if any, inadmissible such hope of benefit or fear of injury must be induced by another. If you find there was hope or fear, yet if you find the hope or fear originated in the party's own mind, from seeds of his own planting, without being induced by another, and under the influence of the hope or fear thus originated the defendant made a confession, that would not exclude the confession, if any, as evidence. The hope or fear that excludes is that, and that alone, which some other person kindles or excites.'

"Defendant contends that there was no evidence whatsoever of a confession, and since there was no evidence whatsoever of a

confession on the part of the defendant when the court went on at such length charging the jury on the law of confession it necessarily and naturally impressed upon the minds of the jury that there was probably a confession, and that when the defendant was brought before the justice of the peace without a warrant or charge against him that when he was asked whether he was guilty or not, he said guilty, it would leave the impression with the jury, such charge, that it was a confession of guilt, when there could be no confession without a charge or warrant.

"Defendant further contends that this charge was error because the definition of confession as contained in Black's Law Dictionary is, to wit:

" 'In criminal law, a voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act or the share and participation which he had in it. Also the act of a prisoner when arraigned for a crime misdemeanor, in acknowledging and avowing that he is guilty of the offense charged. Judicial confessions are those made before a magistrate or in court in the due course of legal proceedings.' "

As to special ground 1, it will be noted that the chief of police after having arrested the defendant, carried him before a justice of the peace. This was in compliance with the provisions of Code § 27-212 which read as follows: "Duty of person arresting without warrant.—In every case of an arrest without warrant, the person arresting shall, without delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose." Substantial compliance with the Code section was made.

It will be noted that the defendant, after conferring with his employer, voluntarily went before the justice of the peace without the necessity of a warrant being sworn out for him, and he was bound over on the charge. Even if we concede (and we do not) that the defendant was illegally before the justice of the peace or illegally under arrest, what he stated there would nevertheless be admissible on his trial. In Green v. State, 124 Ga. 343 (1) (52 S. E. 431), the Supreme Court said: "It is competent to

prove, on a subsequent trial, the statement of the prisoner at a coroner's inquest, by the testimony of witnesses who profess to remember the substance of such statement; and it is not error for the court to overrule an objection to such testimony, urged on the ground that 'the law requires the evidence before the coroner's jury to be in writing, and the writing would be better evidence of what the witness said.'" See also, in this connection, *Ivey* v. *State*, 4 *Ga. App.* 828 (3) (62 S. E. 565), wherein this court said: "A voluntary confession or incriminatory statement is not inadmissible merely because it was made pending an illegal arrest." Special ground 1 is without merit.

In special ground 2, the movant complains because the chief of police was allowed to testify as to what the officer told Mr. Lewis, the employer of the defendant. The employer went to the office of the chief of police in reference to the defendant and on behalf of the defendant, and the officer was allowed to testify that in the conversation the officer had told the employer that the employer might bring the defendant in and give bond. This testimony was admissible under Code § 38-302, which provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence."

It must be kept in mind that counsel for the movant was severely testing the conduct and the testimony of the officer, and it was not only admissible but proper for the court to allow this testimony to explain the conduct and motives of the officer testifying. See also *Caraway* v. *State*, 72 *Ga. App.* 504 (2c) (34 S. E. 2d 303). This evidence was admissible for the purpose of explaining the motive and conduct of the chief of police and of the employer of the defendant, as well as that of the defendant. This special ground is without merit.

Special ground 3 assigns error because of the excerpt from the charge on confessions and incriminating admissions. It is not contended that the excerpt is an incorrect statement of the law, but it is contended that it was reversible error under the facts of this case. In passing upon this point we must keep in mind an excerpt from the testimony of the witness Sisson. He testified: "The next time I saw or heard from him he was at the city hall. He was

brought there to make bond for the whisky. We told Henry Campbell what we had found. He claimed the whisky." The excerpt from the charge of the court was pertinent and apt and correctly given. We find no reversible error in this special ground..

The court did not err in denying the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*