36772. WILLIAMS, Commissioner v. SUWANNEE LONG-LEAF MANUFACTURING COMPANY.

Decided July 9, 1957—Rehearing denied July 23, 1957.

*Eugene Cook, Attorney-General, William L. Norton, Jr., Assistant Attorney-General, Ben F. Johnson, Jr., Deputy Assistant Attorney-General,* for plaintiff in error.

*Smith, Tillman & Brice, B. Lamar Tillman,* contra.

Nichols, J. The Commissioner, in his brief, states that there is no contention that the claimant is not entitled to have its claim for refund passed on by the courts, but that it is his position that a direct appeal cannot be taken from his order denying such refund, and that the claimant must file a separate action in the superior court for this purpose. Accordingly, the only question for consideration is whether the claimant can appeal the adverse decision of the Commissioner to the superior court or whether he must file a separate action in order to accomplish this purpose.

Section 19 of the Act of 1951 (Ga. L. 1951, pp. 360, 383) provides in part: "Upon any claim of illegal assessment and collection the taxpayer shall have his remedy under the Code of Georgia, Section 92-8445, et seq., and also shall be allowed to file claims for refund in the manner authorized by the general law." This section was amended by the Act of 1952 (Ga. L. 1952, p. 334), but no change was made in the wording quoted above.

In the Code of 1933, adopted by the General Assembly in an Act of 1935 (Ga. L. 1935, p. 84), there was no section denomi-

nated as § 92-8445; however, § 44 of the Act of 1938 (Ga. L. 1937-38, Ex. Sess., pp. 77, 99) was codified in the Annotated Code of Georgia as § 92-8445, and there is no contention that this is not the section to which the act of 1951, supra, referred. The section, as originally adopted by the General Assembly, had reference to appeals from assessments made by the Commissioner to the Board of Tax Appeals and the following section (Section 45 of the act of 1938, supra) had reference to appeals from the Board of Tax Appeals to the superior court. Thereafter, the General Assembly, in an act approved February 17, 1943 (Ga. L. 1943, p. 204; Code, Ann., §§ 92-8426.4, 92-8426.5, 92-8426.6), abolished the Board of Tax Appeals but did not specifically amend Sections 44 and 45 of the act of 1938, supra. It did, however, in this act provide: "Except as otherwise provided by this Act, all matters, cases, claims and controversies, of whatsoever nature arising in the administration of the revenue laws, or in the exercise of the jurisdiction of the State Revenue Commissioner or the Department of Revenue, as conferred by this Act, shall be for determination by the State Revenue Commissioner, subject to review by the courts as provided for by Section 45 of Chapter IV of this Act. The effect of this section shall be that, except as hereinafter provided, all final rulings, orders and judgments of the State Revenue Commissioner shall be subject to appeal and review under Section 45 of this Act in the same manner, under the same procedure, and as fully, as if same had been considered and passed upon by the State Board of Tax Appeals. Any such appeal from a final ruling, order or judgment of the State Revenue Commissioner shall be entered within the time prescribed by Section 45 of the Act: Provided, however, that nothing herein contained, and no provision of this Act, shall be construed to deprive a taxpayer against whom an execution for taxes has been issued under an assessment by the State Revenue Commissioner of the right to resist enforcement of the same by affidavit of illegality."

Thereafter, in revising their codification of the act of 1938, supra, the publishers of the Georgia Code Annotated removed those parts of the Act of 1938, supra, which were specifically repealed and reworded Sections 44 and 45 of such act so as to

remove all reference to the appeal to the Board of Tax Appeals before an appeal could be had to the superior court. After a careful consideration of the changes made in Sections 44 and 45 (Code, Ann., §§ 92-8445, 92-8446), it appears that the publishers of the Georgia Code Annotated have only made such changes in these sections of the act of 1938, supra, as this court would be bound to construe that the Act of 1943, either specifically or by implication, made, with one exception. The act of 1938, supra, Sections 44 and 45 as originally passed dealt only with assessments and not with alleged illegal collections which had already been made and the section codified in the Georgia Code Annotated makes it appear that all orders, rulings or judgments of the Commissioner are appealable to the superior court under this section whereas the amendment to the act of 1938, supra, (the act of 1943, supra), only made judgments of the Commissioner that had previously been appealable to the Board of Tax Appeals appealable to the superior court, because the Act of 1943, supra, provided for appeals to the superior court in all matters, cases, claims and controversies, of whatsoever nature arising in the administration of the revenue laws, "except as otherwise provided by this Act." The act referred to was not the act of 1943, supra, which made this change for this was merely an amendment to act of 1938, supra, and amended only one portion 'of the original act. The effect of this amendment was to provide for appeals to the superior court from rulings of the Commissioner in those cases where previously the State Board of Tax Appeals was required to pass upon them before an appeal could be had to the superior court. The Act of 1938, supra, provided in Section 34 (Code, Ann., § 92-8436) the procedure to be followed by taxpayers in order to obtain a refund of any tax which was illegally collected by the Commissioner. Therefore, it was *otherwise provided* in such Act for the procedure to be followed in such cases as the one sub judice. Since an appeal would not lie in the present case to the judgment of the Commissioner denying the claimant's petition for refund, the trial court erred in overruling the Commissioner's general demurrer to such appeal. The case of *Novak* v. *Redwine*, 89 *Ga. App.* 755 (81 S. E. 2d 222), shows that an action against the Commissioner is main-

264

tainable in a case like the one sub judice in order to obtain the refund of the tax collected, if such refund is due.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*