37178. WILLIAMS, Revenue Commissioner, *v.* FARR.

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 8, 1958 AND JULY 14, 1958.

882

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General,* for plaintiff in error. *T. Reuben Burnside, W. Tom Veazey,* contra.

CARLISLE, Judge. While the record before this court does not affirmatively show that a question was raised in the superior court as to the jurisdiction of that court to hear the appeal, upon examination of the record that question arose in this court

in that it does not appear that the notice appealed from was such a final ruling, order or judgment of the Commissioner as would authorize an appeal to the superior court under the provisions of the law, and we have, therefore, inquired into the matter on our own motion, for if it appears from the record before this court that the superior court did not have jurisdiction of the subject matter, whatever judgment other than one of dismissal was rendered therein, will be reversed although that point may not have been raised in the trial court. *Pope* v. *Jones*, 79 *Ga.* 487 (2) (4 S. E. 860); *Smith* v. *Ferrario*, 105 *Ga.* 51, 53 (31 S. E. 38); *Western Union Tel. Co.* v. *Cooper*, 2 *Ga. App.* 376 (3) (58 S. E. 517).

The taxes sought to be assessed and collected in this instance are sales and use taxes imposed under the provisions of the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, p. 360 et seq.) Section 18 of that act provides that when any dealer as defined therein fails to make a return or renders a return which is false or fraudulent or contains statements which differ from the true gross sales, purchases, leases or rentals taxable under the act, the Commissioner may examine his records and make an assessment based thereon or upon such information as may be available to him and may issue a fi. fa. for the collection of any such delinquent taxes, interest, or penalties found to be due. Ga. L. 1951, pp. 360, 381. Section 19 of that act provides that when any tax becomes delinquent, the Commissioner is empowered to issue a fi. fa. for the collection of tax, interest, and penalty due from each delinquent taxpayer. This section provides a procedure for the levying of such fi. fas., and further that, "Upon any claim of illegal assessment and collection the taxpayer shall have his remedy under the Code of Georgia, Section 92-8445, et seq., and also shall be allowed to file claims for refund in the manner authorized by the general law." Ga. L. 1951, pp. 360, 382. Further than as above outlined, this act makes no provision for any procedure for the assessment and collection from a delinquent dealer of the taxes imposed thereby.

While the Code of 1933 which was adopted by the General Assembly in the Act of 1935 (Ga. L. 1935, p. 84), contains no

section denominated as Section 92-8445, Sections 44 and 45 of the Act approved January 3, 1938 (Ga. L. 1937-38, Ex. Sess., pp. 77, 99) were codified in the Annotated Code of Georgia as Sections 92-8445 and 92-8446, and these sections unquestionably are the provisions referred to in Section 19 of the Retailers' and Consumers' Sales and Use Tax Act, supra. See *Williams* v. *Suwannee Long Leaf Mfg. Co.*, 96 *Ga. App.* 260, 261 (99 S. E. 2d 734). The provisions thus referred to were but two sections of an act entitled in part, "An act to make comprehensive provision for an integrated tax administration for Georgia; to create the department of Revenue and the office of State Revenue Commissioner", etc., which act had as one of its purposes the providing for a uniform administration of revenue laws in the State. By Sections 30 and 31 of that act, provision was made for the procedure by which the taxpayer might contest the validity of any assessment of additional taxes made by the Commissioner by the filing with the Commissioner of a written protest within 30 days from the date of the notice of assessment and providing for a hearing before the Commissioner on the protest. That act provided also for an appeal to a Board of Tax Appeals from any final assessment made by the Commissioner after the filing of a protest and a hearing thereon, but did not provide for an appeal to that board where no protest was filed with the Commissioner. Subsequently, by an act approved February 17, 1943 (Ga. L. 1943, p. 204) the legislature without expressly amending Sections 44 and 45 and without expressly striking from the act those provisions relating to appeals from the Commissioner to the Board of Tax Appeals, amended that act by striking and repealing Sections 18 through 24 of Chapter 3 thereof, which sections created the State Board of Tax Appeals. This latter act substituted new sections 18, 19 and 20 in lieu of the stricken provisions of the amended act. The substituted section 18 contained the following provision: "Except as otherwise provided by this act, all matters, cases, claims and controversies, of whatsoever nature arising in the administration of the revenue laws, or in the exercise of the jurisdiction of the State Revenue Commissioner or the Department of Revenue, as conferred by this Act, shall be for determination by the State

Revenue Commissioner, subject to review by the courts as provided for by Section 45 of Chapter IV of this Act. The effect of this section shall be that, except as hereinafter provided, all *final* rulings, orders and judgments of the State Revenue Commissioner shall be subject to appeal and review under Section 45 of this act *in the same manner, under the same procedure, and as fully, as if same had been considered and passed upon by the State Board of Tax Appeals.* Any such appeal from a final ruling, order, or judgment of the State Revenue Commissioner shall be entered within the time prescribed by Section 45 of the Act: Provided, however, that nothing herein contained, and no provision of this Act, shall be construed to deprive a taxpayer against whom an execution for taxes has been issued under an assessment by the State Revenue Commissioner of the right to resist enforcement of the same by affidavit of illegality." (Italics ours).

The provisions of the Act of 1938 (Ga. L. 1937-38, Ex. Sess., p. 77, et seq., supra) as amended by the 1943 act insofar as it makes provision for the uniform administration of the revenue laws of the State of Georgia and for a uniform procedure for the assessment and collection of State taxes and for a uniform procedure for contesting the assessment and collection of such taxes is in *pari materia* with the Georgia Retailers' and Consumers' Sales and Use Tax Act and should be read in connection with it and considered as constituting a single body of law relating to these subjects. See *Huntsinger* v. *State,* 200 *Ga.* 127, 130 (1) (36 S. E. 2d 92); 59 C. J. 1042, Statutes, § 620; and, 82 C. J. S. 801, Statutes, § 366. This is particularly true inasmuch as the Sales Tax Act while making provision for the assessment of delinquent taxes by the State Revenue Commissioner and for the issuance and levy of a fi. fa. for the collection of such taxes makes no provision for any procedure for notifying the taxpayer of the assessment, and does not provide a method for the contesting of such assessments except by indirect reference to Sections 44 and 45 of the 1938 act. Under such circumstances, the legislature must be taken to have been cognizant of the provisions of the former act and its amendment when it enacted the sales tax law and to have intended that the appro-

priate provisions of that act, as amended, would apply and that the procedures therein provided for would be followed in the administration of the sales tax law. See *Atlanta Trust Co.* v. *Atlanta Realty Corp.*, 177 *Ga.* 581 (170 S. E. 791). This reasoning is reinforced by the express reference in Section 19 of the Sales Tax Act to § 92-8445 et seq. of the Annotated Code embodying Sections 44 and 45 of the prior Act.

The 1938 act, as amended, in view of its broad purpose of making provision for a uniform administration of the tax laws of this State, must be read and considered as a whole and Sections 44 and 45 of that act (Code, Ann., §§ 92-8445 and 92-8446) cannot be intelligently considered and applied without reference to Section 18 as amended by the act of 1943 and to Sections 30 and 31. The effect of the 1938 act as amended is to provide for appeals to the superior court from all *final* rulings, orders and judgments of the Revenue Commissioner in those cases which had previously been appealable to the State Board of Tax Appeals. *Williams* v. *Suwannee Long Leaf Mfg. Co.*, 96 *Ga. App.* 260, 263, supra.

When read and considered together, all of these provisions allow the taxpayer the choice of any one of three courses of action in resisting the assessment and levy of sales taxes. First, upon notification of assessment, he may file a protest with the Commissioner setting out therein a summary statement of the grounds upon which he relies and his reasons for disputing the finding of the Commissioner. In such protest, he may at his option request a conference or a hearing, and if so requested, the Commissioner has no alternative but to grant a hearing. Ga. L. 1937-38, Ex. Sess., pp. 77, 93. The purpose of this hearing is to afford the Commissioner a fair opportunity to consider the contentions of the taxpayer and to act thereon and to adjust his findings and assessment in accordance therewith if he finds any merit in the taxpayer's contentions.

Under Section 31 of the act, after the Commissioner has considered the protest filed by the taxpayer and the information submitted by him in conferences before the Commissioner or before his officers or agents, the Commissioner must proceed to make a final assessment and to notify the taxpayer thereof, and

it is from this final assessment that the right of appeal to the superior court under the provisions of Section 45 of the act lies. No right of appeal is provided in those cases where the taxpayer does not choose to file a protest, but in that event the taxpayer has the option of allowing the Commissioner to issue and levy a fi. fa. and of filing an affidavit of illegality thereto wherein he may urge any ground which he may have for contending that the tax sought to be collected thereby is not legally due and thus in that proceeding may raise any issue which he might have raised by protest and appeal. Code § 92-7301. Finally, the taxpayer may choose not to protest the assessment or to permit a fi. fa. to be issued but to pay the amount of taxes assessed and sue for a refund, and in that action urge any reason he may have why the taxes assessed and collected were not due.

While the notice in this case purports to grant the taxpayer 10 days' grace in which to appear and settle the claim of the State for delinquent sales taxes before the issuance of a fi. fa., and while it may be contended that a mere 10 days' notice is not in accordance with the requirement of 30 days' grace allowed the taxpayer for filing a protest under the provisions of the 1938 act, it is apparent from the record that this notice is a mere form which has been administratively prepared, and if it be considered, as it must under the record transmitted to this court, as a notice of a proposed assessment, it cannot be effective to vary the unambiguous provisions of the law duly enacted by the legislature and requiring the granting of 30 days' grace for the filing of protests.

It is well settled that an erroneous administrative interpretation and application of plain and unambiguous provisions of the law, no matter how long applied and well established nor how long acquiesced in, cannot be effective to amend, add to, or take from the law. *Standard Oil Co. v. State Revenue Commission*, 179 *Ga.* 371, 376 (176 S. E. 1); 82 C. J. S. 771, Statutes, § 359 (b).

The record before this court shows that the only documents that were transmitted by the Revenue Commissioner to the superior court were the copy of the "Official Notice of Fi. Fa. to be Issued", and the original appeal and bond filed with the Commis-

sioner. It thus affirmatively appears that no protest containing a summary statement of the grounds of the taxpayer for disputing the assessment was ever filed with the Commissioner and that no hearing on a protest was ever had and a final assessment of taxes ever made subsequently to the filing of such protest and the holding of such a hearing. It follows that the decision appealed from in this case was not such as the law authorizes to be appealed from, and, therefore, that the superior court had no jurisdiction of it and that the trial court erred in not dismissing the appeal even though no motion to dismiss on this ground was made. For this reason, the judgment of the trial court must be reversed.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*