20211. FARR *v.* WILLIAMS, State Revenue Commissioner.

CANDLER, Justice. T. V. Williams, as State Revenue Commissioner, notified E. W. Farr that an assessment for delinquent sales taxes, together with interest and penalties, had been made against him, and that an execution would be issued for the collection of the assessed amounts after the expiration of ten days unless he settled the amounts due. Farr made no response to the notice, but within 15 days from the receipt of it filed an appeal with the commissioner, which was by him transmitted together with a certified copy of the record in due time to the Superior Court of Warren County, the county of his residence; and in connection with the appeal, he executed and filed the required bond with approved security. The commissioner made an oral motion to dismiss the appeal on the ground that it failed to state facts which would raise an issue to be decided by the court or by a jury. Farr then offered an amendment to his appeal, in which he alleged the date he received notice of the assessment, the several items making up the total assessment, and a denial that he owed the assessed amount or any part of it. By the amendment he specifically alleged that he was not indebted to the State of Georgia for any part of the tax, interest and penalties claimed. The commissioner objected to the allowance of the amend-

ment on the following grounds: (1) the original appeal does not constitute enough to amend by; (2) it states no facts which are sufficient to raise any question for decision by the court or a jury; and (3) it is merely a general denial that the assessed amount or any part of it is due. Over these objections, the trial judge allowed the amendment. On the same grounds, the commissioner then moved to dismiss the amended appeal and his motion was denied. The commissioner sued out a writ of error to the Court of Appeals, assigning error on the two rulings of the trial judge, and that court held that Farr's appeal was premature, and that the Superior Court of Warren County had no jurisdiction to hear and determine it, since he had failed to protest the assessment under the provisions of section 30 of an act providing for an integrated tax administration, which the legislature passed in 1938, and to secure a ruling on it by the commissioner before entering his appeal to the superior court; and it also held that the trial judge erred in not dismissing the appeal for that reason, even though no motion to dismiss it on that ground was made. To review that ruling, the writ of certiorari was granted by this court on Farr's application therefor. *Held:*

1. The taxes sought to be collected in this instance are sales taxes, interest and penalties, imposed by the Georgia Retailers' and Consumers' Sales and Use Tax Act of 1951 (Ga. L. 1951, p. 360). In part, section 18 of the act provides that, when a dealer coming under the provisions thereof fails to make a correct return and remittance of the taxes collected by him, or refuses to permit an examination of his books, records or papers, for the purpose of determining the amount of taxes he should account for, or to appear before the Revenue Commissioner or his assistants and answer questions respecting the amount of tax he should pay under the provisions of the act, the commissioner is authorized to make an assessment against him from such information as may be available to him and issue an execution for the collection of the assessed amount, and such an assessment is deemed by the act to be prima facie correct. Upon any claim of illegal assessment, the dealer, under section 19 of the act, has a right of appeal to the superior court of the county of his residence. His appeal must be filed with the commissioner within 15 days from the date of the assessment, and it is the duty of

the commissioner to transmit it together with a certified copy of the record to the clerk of the superior court of the county of the dealer's residence within 30 days from the date of the assessment. The procedure provided by the act for applying for and granting an appeal from the court of ordinary to the superior court applies as far as suitable to the appeal which the dealer has the right to make under the provisions of the Sales and Use Tax Act. There is no requirement in the act that the dealer file a protest with the commissioner to the assessment and secure a ruling by the commissioner on his protest as a prerequisite to his right of appeal to the superior court. The Sales and Use Tax Act simply provides for the dealer's right of appeal from the commissioner's assessment of sales and use taxes within 15 days from the date of the assessment to the superior court of the county of the dealer's residence. It is true that section 30 of an act which the legislature passed in 1938 (Ga. L. 1937-38, pp. 77, 93), providing for an integrated tax administration, in part provides: "Any taxpayer may contest any additional assessment or license made or determined by the Commissioner by filing with said Commissioner a written protest at any time within thirty (30) days from the date of notice of the assessment or license." That section expressly made the filing of a protest with the commissioner and a determination by the commissioner of the question thus raised a condition precedent to the taxpayer's right of appeal to the superior court. However, that section of the 1938 act deals only with final assessments against property for ad valorem taxes or the fixing of a final license fee; and the Court of Appeals erred in holding that section 19 of the Sales and Use Tax Act of 1951 is in pari materia with section 30 of the 1938 act and should be read in connection with it and considered as constituting a single body of law relating to the procedure for contesting all tax claims, and that for this reason the trial judge erred in not dismissing Farr's appeal. Hence, the judgment rendered by the Court of Appeals upon which error is assigned in the petition for certiorari is erroneous.

*Judgment reversed., All the Justices concur.*

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

528

*W. Tom Veazey, T. Reuben Burnside,* for plaintiff in error.
*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Robert H. Walling, Deputy Assistant Attorneys-General,* contra.