### 37178.   OXFORD, Commissioner *v.* FARR.

CARLISLE, Judge.   This case was before this court on a writ of error complaining of the ruling of the trial court allowing an amendment to an appeal from a sales-tax assessment over the objection of the appellee that the original appeal was legally

insufficient and did not constitute enough to amend by. This court in a judgment rendered June 23, 1958 (97 *Ga. App.* 881, 104 S. E. 2d 713), reversed the trial court without considering the merits of the main issue presented by the writ of error, holding that the trial court did not have jurisdiction of the case and that the appeal was premature. The defendant in error carried the case to the Supreme Court by writ of certiorari and that court reversed the judgment of this court (214 *Ga.* 525, 106 S. E. 2d 14) holding simply that the appeal was not premature and that the trial court had jurisdiction. We now have for consideration the question of whether the original appeal constituted enough to amend by, and whether the appeal as amended presented an issue which could be passed upon by the trial court. *Held:*

The original appeal stated that the defendant, being dissatisfied with the assessment of sales and use tax, "enters this his appeal from said decision and assessment to a jury in the Superior Court of Warren County." The Commissioner of Revenue transmitted the appeal, together with the "notice of assessment and fi. fa. to be issued," to the superior court. Thereafter, the appellant amended the appeal and denied that he was indebted for the tax or any part thereof, averring that he had had no hearing prior to the receipt of the notice and had had none since the notice, and that no pleadings were filed either by the appellee or the appellant. This amendment was allowed over the appellee's objections, as stated above. An appeal is a de novo investigation. It brings up to the superior court the entire record from the inferior judicatory, and either party is entitled to be heard on the whole merits of the case. Code § 6-501. Therefore, where, as in this case, the original appeal, together with the record transmitted therewith, showed who were the parties and set out enough to show the nature of the transaction, that is, that the appeal was from an assessment of sales and use taxes, and that, when properly construed, the appellant was denying liability for such taxes, such original appeal constituted enough to amend by (Code § 81-1302), and, where the appellant thereafter amended by alleging that he did not owe the tax or any part thereof, that he did not owe any interest or any penalty, and denied that he was delinquent in the payment of any of his taxes, and specifically denied each and every fact stated in the notice appealed from in the absence

of a timely special demurrer, this was a sufficient plea of the general issue on appeal to authorize the trial court to try the issues thus made and to determine whether or not the taxpayer did, in fact, owe the taxes sought to be collected. The trial court, therefore, did not err in overruling the motion to dismiss the appeal and in allowing the amendment to the appeal.

The judgment of reversal heretofore entered in this case having been reversed by the Supreme Court, that judgment is vacated and the judgment of the trial court is affirmed.

*Gardner, P. J., and Townsend, J., concur.*

Decided November 25, 1958—Rehearing denied December 16, 1958.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General,* for plaintiff in error.

*T. Reuben Burnside, W. Tom Veazey,* contra.