39306.   BLAIRSVILLE HARDWARE & SUPPLY COMPANY, INC. v. OXFORD, Commissioner.

DECIDED FEBRUARY 20, 1962—REHEARING DENIED MARCH 8, 1962.

484

*Jack G. Tarpley, Ben F. Carr,* for plaintiff in error.

*Eugene Cook, Attorney-General, John E. Dean, Assistant Attorney-General,* contra.

HALL, Judge. The sole question before this court is whether an affidavit of illegality is available to contest the assessment and collection of the Georgia sales and use tax upon the issuance and levy of an execution in accordance with the provisions of Section 19 of the Georgia Retailers' and Consumers' Sales and Use Tax Act. Ga. L. 1951, pp. 360, 382-383, as amended by Ga. L. 1952, pp. 334, 336 (*Code Ann.* § 92-3434a). Section 19, supra, provides in part: "upon any claim of illegal assessment and collection the taxpayer shall have his remedy under the Code of Georgia, Section 92-8445 et seq.,   .   .   ."

This court has held that this reference to "Code of Georgia, Section 92-8445 et seq." was intended to refer to Sections 44 and 45 of the act approved January 3, 1938 (Ga. L. 1937-38, Ex. Sess., pp. 77, 79), as amended by Section 18 of the act approved February 17, 1943 (Ga. L. 1943, p. 204). *Williams v. Suwannee Long Leaf Mfg. Co.,* 96 Ga. App. 260, 262-263 (99 SE2d 734); *Williams v. Farr,* 97 Ga. App. 881, 885 (104 SE2d 713), reversed on another ground, 214 Ga. 525 (106 SE2d 14).

The act of 1938, supra, was "An act to make comprehensive provision for an integrated tax administration for Georgia." The 1943 amending act, among other things, abolished the Board of Tax Appeals created by the 1938 act, and authorized direct review by the superior courts of final rulings of the State Revenue Commissioner, thus modifying the appeal procedure provided for in Sections 44 and 45 of the 1938 act. The 1943 amending act substituted for the repealed sections of the 1938 act (which had created the Board of Tax Appeals) a new sec-

tion (Section 18) which modified the appellate procedure as above stated. This new Section 18 expressly provided that nothing therein "and *no provision of this act,* shall be construed to deprive a taxpayer against whom an execution for taxes has been issued under an assessment by the State Revenue Commissioner of the right to resist enforcement of the same by affidavit of illegality." (Emphasis supplied). The words "no provision of this act" found in the 1943 amendment, therefore, refer to the act of 1938, supra. *Williams v. Suwannee Long Leaf Mfg. Co.,* 96 Ga. App. 260, 263, supra. It is clear that Sections 44 and 45 of the act of 1938, supra, as amended by Section 18 of the act of 1943, supra, are to be considered in pari materia with the provisions of Section 19 of the Sales and Use Tax Act, supra, as to the remedy of a taxpayer upon a claim of illegal assessment. Those sections of the 1938 act as amended are in fact expressly made operative by Section 19 of the 1951 Sales and Use Tax Act. Ga. L. 1951, p. 383. Those sections of the 1938 act as amended permit the taxpayer to contest the assessment and collection of the Georgia sales and use tax upon the issuance and levy of an execution by filing an affidavit of illegality in accordance with *Code* § 92-7301. *Williams v. Farr,* 97 Ga. App. 881, 887, supra.

The commissioner cites *Farr v. Williams,* 214 Ga. 525 (106 SE2d 14), as authority for his position that Section 19 of the Sales and Use Tax Act limits the taxpayer's remedies for contesting an illegal assessment and collection to the appeal and the claim for refund. That case merely held that Section 19 of the Sales and Use Tax Act, supra, was not in pari materia with Section 30 of the act of 1938, supra. The reason for that holding was that the provisions of Section 30 of the 1938 act (presumably when read with the preceding Section 29, concerning the opportunity for protest) deal "only with final assessments against property for ad valorem taxes or the fixing of a final license fee," and have no application to a sales-tax assessment.

The trial court erred in dismissing the taxpayer's affidavit of illegality.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*