45704.   HAWES v. SHUMAN.

ARGUED OCTOBER 8, 1970—DECIDED MARCH 9, 1971—
REHEARING DENIED MARCH 31, 1971—CERT. APPLIED FOR.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General,* for appellant.

*Thompson & Benken, Louis A. Thompson,* for appellee.

DEEN, Judge. In addition to what has been set out above, it must be noted that certain facts found by the auditor were not excepted to and constitute the law of the case, including the fact that the taxpayer had throughout acted in perfect good faith; that none of the deficiency sales tax collected by the State and on which the penalties had been imposed was in fact collected by the taxpayer; that all records including invoices had been made available by the taxpayer to the State auditor; that the auditors did not use purchase and sale invoices in reconstructing the deficiency tax status but used a purchase-plus-mark up method. The State makes no contention here that the taxpayer acted either negligently or in bad faith nor does it contend that the deficiency taxes claimed to be owed were ever received by him or that the evidence as to duress is insufficient. It contends that, based on a purchase-and-mark up reconstruction, the taxpayer should have paid addi-

tional taxes and was liable for them and penalty thereon. It further contends that the burden is on the taxpayer to make a prima facie case entitling him to the refund; that he can only do this by producing the sale invoices, which it admits would settle the issue, but that in the present absence of the invoices themselves there is no evidence available by which a prima facie case can be established, and that therefore the judgment in favor of the taxpayer cannot stand:

This case has received meticulous attention from the full court. All of us are united in agreement that the penalties were wrongfully imposed in view of the fact that they were imposed prior to the amendment of *Code Ann.* § 92-3426a. *Hawes v. Smith,* 120 Ga. App. 158, 160 (169 SE2d 823).

All of us are agreed that the burden is on the taxpayer to establish a prima facie case for refund. *Oxford v. Shuman,* 106 Ga. App. 73, supra; *Hawes v. Smith,* supra; *Hawes v. Bigbie,* 123 Ga. App. 122 (179 SE2d 660). A majority of this court feel that this burden has in fact been carried by the taxpayer. "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." *Code* § 38-203. Whether or not the loss of the boxes of original invoices was *satisfactorily* accounted for at the time of this trial must depend to some extent on the credibility of the taxpayer. The jury found that he made them available at the time of the original State audit. The State at that time indicated it was not concerned with them. Subsequently, it failed to subpoena them by giving a ten-day notice to produce under *Code Ann.* § 92-3432a, although there was no necessity for it to do this in view of the taxpayer's co-operation in the audit. *Anderson v. Blackmon,* 123 Ga. App. 128 (179 SE2d 657). Thirdly, and more seriously, the State refused to allow the taxpayer the mandatory administrative hearing which had been demanded under *Code Ann.* § 92-8436 in 1959 at a time when the records were also available. Regardless of what burden there might be on the State to follow statutory procedures which would have obviated an approximately ten-year delay in examining the sale invoices, all of this evidence is relevant to the question of whether there was a "satisfactory" explanation of the loss of the invoices when another company moved

into the building in which they had been stored prior to the hearing before the auditor and his report in 1967. As to the latter, there was detailed evidence of the manner in which the tax reports submitted were made up from work sheets taken from the daily sale invoices themselves and miscellaneous receipts as shown on day books, and that they did in fact accurately represent taxable sales. The invoices, as conceded by the State, could have been introduced in evidence under the business records rule. *Code Ann.* § 38-711. Testimony that the monthly tax statements which were introduced in evidence were correct and were accumulated from this source therefore, under the circumstances of this case, constituted evidence of the fact to be proved and the testimony was sufficient, under the any evidence rule to support the verdict and judgment.

*Judgment affirmed. Pannell, Quillian and Whitman, JJ., concur. Evans, J., concurs in the judgment. Bell, C. J., Jordan, P. J., Hall, P. J., and Eberhardt, J., dissent.*

HALL, Presiding Judge, dissenting. The only issue raised by the commissioner on this appeal is whether the taxpayer must prove his true tax liability in order to recover in a suit for refund. The taxpayer did not specifically prove his sales for the period in question. Indeed, he probably could not, as he claims his records have been lost or destroyed. The contested taxable period is 1952-56. Following an audit in 1956 he paid the estimated deficiencies plus penalties. The suit for refund was filed in 1960. An appeal on demurrers was brought before this court in 1962. *Oxford v. Shuman*, 106 Ga. App. 73 (126 SE2d 522). The case was later referred by the trial court to an auditor who filed his report in 1967. Upon exceptions to his findings, the case was tried before a jury which rendered a verdict in 1969. It is from that judgment the commissioner is appealing.

1. The commissioner contends that proof of true and correct liability is an essential element of the taxpayer's prima facie case because the nature of a suit for refund is unjust enrichment (i.e., the commissioner is wrongfully witholding an amount of money which in equity and good conscience rightfully belongs to the taxpayer); that the only way to prove how much is wrongfully withheld is to show the total amount actually paid and the true tax liability; and that the recovery is for the difference only.

The taxpayer contends the commissioner's estimate, which he paid in full, was illegal and void; and upon proof of that fact only, he is entitled to a refund of the full amount.

This issue has been discussed in three decisions by this court relating to the nature of a suit for refund of taxes. In the first appeal of this case, one of the issues was whether the taxpayer was required to *plead* his true and correct tax liability. In holding that he was not, the court distinguished some Federal cases, stating ". . . each of them involved an appellate review *after* the trial of the case. In each instance, the court was concerned with whether or not the taxpayer proved his 'true and correct tax liability' in order that the amount sought as a refund could be determined. The cases are not rulings on the pleadings." *Oxford v. Shuman,* 106 Ga. App. 73, supra, p. 78.

In a later case the court, while affirming the taxpayer's judgment as far as it represented penalties and interest, struck down that part representing the overpayment of taxes. "But there was no evidence by the taxpayers of what their liability was under the bracket system; no evidence of individual sales was introduced. In short, there was no evidentiary basis for a jury determination that there had in fact been an overpayment of taxes. . . Do the taxpayers by showing only that the method of assessment was erroneous thereby establish that they have paid more than due under the bracket system, or were not liable for any amount thereunder, or ultimately that they are entitled to the money assessed and paid? They do not." *Hawes v. Smith,* 120 Ga. App. 158, 160 (169 SE2d 823). See also *Hawes v. Bigbie,* 123 Ga. App. 122 (179 SE2d 660).

Both of these cases agree that the theory of a suit for refund is indebitatus assumpsit for money had and received. This has long been the position of the Federal courts and there are a number of cases which place the burden of proving true tax liability on the taxpayer in such a suit. Taylor v. Commissioner, 70 F2d 619, affirmed sub nom., Helvering v. Taylor, 293 U. S. 507 (55 SC 287, 79 LE 623); Decker v. Korth, 219 F2d 732, cert. denied 350 U. S. 830 (76 SC 61, 100 LE 740); Compton v. United States, 334 F2d 212.

These cases distinguish between a tax appeal and a suit for refund. In the former, the taxpayer need only prove that the as-

sessment was incorrect to be entitled to a judgment. (Then the commissioner must come forward with a new assessment.) In the latter, he must prove his true and correct tax liability in order to have a money recovery since the commissioner is *wrongfully* withholding only that amount *in excess* of what the taxpayer owes. It needs to be noted that under *Code Ann.* § 92-3434a, as under the Federal tax codes, the taxpayer has a choice of remedies. He may refuse to pay what he believes to be an erroneous or illegal assessment and take an appeal from it. *Code Ann.* § 92-8445 et seq. On the other hand, he may choose to pay and then later file a claim for refund. *Code Ann.* § 92-8436. These are separate and distinct remedies. *Williams v. Farr,* 97 Ga. App. 881, 887 (104 SE2d 713); *Williams v. Suwanee Longleaf Mfg. Co.,* 96 Ga. App. 260 (99 SE2d 734). Each remedy also has a different burden of proof. If the taxpayer makes an election for tactical reasons, he must also be prepared to prove the case of his choice.

2. We must also consider the question of whether the taxpayer proved his sales by his oral testimony that the amounts shown on his original returns were true and correct and based on actual sales recorded at the times in question. The answer to this question is clearly that he did not. There are several methods by which the taxpayer could have proved his sales, including oral testimony with his memory refreshed by reference to his sale invoices or some other similar records. It was not absolutely necessary that the actual invoices be introduced in order to prove sales. However, where the very essence of a case is the correctness of a tax return, true liability patently cannot be proved by testimony simply affirming the correctness of the return. "This court cannot disturb the commissioner's determination of deficiencies merely upon testimony by the petitioner that his returns as filed were correct." Halle v. Commissioner, 7 T. C. 245, 247, affirmed 175 F2d 500, cert. den. 338 U. S. 949. "The very root of every case before the board is the taxpayer's statutory return under oath. Manifestly he does not prove his case by proving his statutory return." Pennant Cafeteria Co. v. Commissioner, 5 B. T. A. 293, 294. "The only evidence submitted in his behalf to support his contention was his income tax returns for the years in dispute and his affirmative answer to his counsel's question: 'Do all of these

returns show correctly your income, your bank account?' This is obviously insufficient." Willits v. Commissioner, 36 B. T. A. 294, 297. "Clearly, the tax return itself, besides being inconclusive here, cannot be regarded as more than a statement of petitioner's original claim." Seaboard Commercial Corp. v. Commissioner, 28 T. C. 1034, 1051. See also Rosano v. Commissioner, 46 T. C. 681. I know of no contrary authority, i.e., authority which holds that a tax return, or a statement affirming its correctness, is sufficient proof of the true tax liability. The majority holding negates the statutory presumption that the commissioner's assessment of a deficiency is correct. *Code Ann.* § 92-3432a.

The taxpayer's contention is also weakened by the chronology of events. He filed his claim with the commissioner in 1959. He filed his suit for refund in 1960. He lost his records in 1963, during the pendency of his action. It would seem basic that he had the duty to preserve the evidence necessary to prove his own claim. Consider the consequences if we held that the commissioner's failure to examine records at some given time (even though his agents had seen them all previously) would relieve the taxpayer from carrying the burden of proof of true liability in a suit for refund. It would behoove any litigant to "lose" his records and then rely on the mere statement that he had made correct returns.

For these reasons, it is my opinion that the judgment for the taxpayer is erroneous as far as it represents a refund of taxes.

I am authorized to state that Chief Judge Bell, Presiding Judge Jordan and Judge Eberhardt concur in this dissent.