## 45704. HAWES v. SHUMAN.

HALL, Presiding Judge. 1. The decision of the Court of Appeals in the case of *Hawes v. Shuman,* 123 Ga. App. 543 (181 SE2d 708) having been reversed by the Supreme Court, 228 Ga. 101 (184 SE2d 178) and the dissenting opinion of the Court of Appeals having been adopted by

that court as its opinion, the decision of this court is hereby vacated and the dissenting opinion adopted as the opinion of the court.

2. One issue, raised after the original decision was rendered, remains for decision. The taxpayer contends that he paid taxes in 1956 on a period running back to 1952 and therefore beyond the three-year statute of limitation contained in *Code Ann.* § 92-3347a; so he is still entitled to a refund of that portion of his payment which represents the earlier period outside the statute. Under the theory of this action as set out by the Supreme Court decision, the taxpayer can only be claiming that his payment of that part of the taxes which could not have been recovered in an action at law because of the statute, was payment in excess of his true tax liability. This will not wash.

The statute of limitation contained in the Sales and Use Tax Act operates only to bar the remedy, not to extinguish the tax debt itself. *Dixie Constr. Co. of Ga. v. Williams,* 95 Ga. App. 767 (98 SE2d 582). It is axiomatic that a person who pays a debt after the running of the statute of limitation has expired cannot sue to recover it back because of this fact.

The Supreme Court held in this case that if a taxpayer wishes to challenge the legality of the asserted tax he can "refuse to pay what he believes to be an erroneous or illegal assessment and take an appeal from it." The taxpayer here chose not to attack the legality of the tax but rather to pursue the remedy which requires him to "prove his true and correct tax liability." There was no assessment, no levy or any other proceeding by the Commissioner to collect this tax. There was an audit, a voluntary payment of the tax and then a suit for refund.

"A voluntary payment of illegal taxes cannot be recovered. Civil Code (1910), § 4317; *First National Bank v. Americus,* 68 Ga. 119 (45 AR 476); *Hoke v. Atlanta,* 107 Ga. 416, 419 (33 SE 412). 'It seems . . . to be clearly settled that a payment is not made under compulsion or duress,

but will be treated as voluntary, unless the party making payment does so to prevent the immediate seizure of his goods or the arrest of his person. It surely requires no argument to show that a threatened levy upon land is neither the one nor the other. Furthermore, the doctrine appears to be that if the law affords to the person from whom the payment is exacted an immediate and adequate remedy to resist payment, he can not be said to have acted under compulsion, if, neglecting to avail himself of such remedy, he elects to make the payment demanded of him.' *Hoke v. Atlanta,* supra; *Williams v. Stewart,* 115 Ga. 864 (42 SE 256)." *Darby v. City of Vidalia,* 168 Ga. 842 (149 SE 223).

The judgment for the taxpayer is erroneous as far as it represents a refund of taxes. However, since the penalties were imposed prior to the amendment of *Code Ann.* § 92-3426a, they were not authorized. *Hawes v. Smith,* 120 Ga. App. 158, 160 (160 SE2d 823). Therefore, the judgment is affirmed with direction that such amount as exceeds the penalties and interest on penalties be written off.

*Judgment affirmed with direction. Bell, C. J., Jordan, P. J., Eberhardt, Pannell and Quillian, JJ., concur. Deen and Evans, JJ., dissent. Whitman, J., not participating because of illness.*

DECIDED NOVEMBER 29, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General,* for appellant.

*Thompson & Benken, Louis A. Thompson,* for appellee.

DEEN, Judge, dissenting. The jury in this case in answer to special questions found that the taxes were paid as a result of duress, and there is evidence to support this finding. The statement that the statute of limitation operates to bar the remedy rather than the debt refers to a situation

where the creditor is seeking to recover the fund. I do not believe it is either justice or good law to hold that where an entity, whether it be individual or governmental, seizes property by duress it thereby strengthens its legal position. Whatever this payment was, it is not, under the circumstances here, a "voluntary" payment.

The sum barred by the statute of limitation was not involved on the jury trial or in the opinion of the Supreme Court on certiorari. The year and a half barred by the statute of limitation had been excluded by the auditor and the exception of law thereto had been overruled by the trial judge.

The majority opinion is correct in stating that the present remedy requires the taxpayer "to prove his true and correct tax liability." His liability for periods of time more than three years prior to the assessment is nothing, because that time is barred by the statute of limitation. As to this sum, at least, the taxpayer has proved that he owes nothing.