### 49802. INGALLS IRON WORKS COMPANY v. BLACKMON.

EBERHARDT, Presiding Judge.

On April 12, 1972, appellant was assessed a sales and use tax deficiency by the State Revenue Commissioner for the taxable period of June, 1968 through September, 1971. Appellant appealed the assessment to the Fulton County Superior Court in accordance with Ga. L. 1937-38, Ex. Sess., pp. 77, 100; 1943, pp. 204, 206, 208 (Code Ann. § 92-8446). Nearly two years after the appeal was taken, appellant sought to amend its appeal by adding to it a claim for refund under Ga. L. 1937-38, Ex. Sess., pp. 77, 94; 1945, pp. 272, 274; 1955, pp. 455, 458; 1971, p. 378; 1973, p. 507 (Code Ann. § 92-8436). The claim for refund, though based on taxes paid during the same tax period, was based on the same reasons that the commissioner assessed a deficiency. On motion by the commissioner, the amendment was dismissed. It is the trial court's refusal to permit the appellant to add a claim for refund to its appeal of the assessment that was certified for appeal. *Held:*

"A taxpayer has at least three remedial procedures available for use in disputing the correctness of an assessment rendered against him by the Revenue Commissioner under the Georgia Sales and Use Tax Act. The taxpayer may proceed: (1) by the method of appeal . . . [under] . . . Code Ann. § 92-8446 . . . (2) by . . . affidavit of illegality as provided in Code § 92-7301 . . . (3) or by paying the taxes illegally exacted and suing for a refund [under Code Ann. § 92-8436]." *Undercofler v. Ernhardt,* 111 Ga. App. 598 (142 SE2d 317); *Hawes v. Shuman,* 123 Ga. App. 543, 547 (181 SE2d 708, dissenting opinion adopted in 228 Ga. 101 (184 SE2d 178) and in 125 Ga. App. 117 (186 SE2d 582). Appellant contends, contrary to the holding of the trial court, that these remedies are not mutually exclusive and a claim for refund under Code Ann. § 92-8436 may be joined to an appeal from an

assessment under Code Ann. § 92-8446. We disagree.

To allow appellant to raise for the first time a claim for refund on an appeal from an assessment would allow it to avoid the clear requirement of Code Ann. § 92-8436 (b) that a claim for refund must first be filed with the commissioner. Code Ann. § 92-8436 (b) provides the procedure for the granting of a tax refund: "In any case in which . . . an erroneous or illegal collection of tax . . . has been made by the commissioner, the taxpayer . . . may . . . file a claim for refund with the said commissioner . . . [A]ny taxpayer whose claim for refund is denied by the commissioner . . . shall have the right to sue for refund in the superior court . . . No suit . . . for the recovery of a refund hereunder shall be begun before the expiration of one year from the date of filing the claim for refund . . . nor after the expiration of two years from the date said claim is denied." Code Ann. § 92-8446 specifically excepts claims for refunds from those orders or rulings of the commissioner which may be appealed to the superior court. Therefore, the only method by which appellant could have presented a claim for refund to the superior court would have been by the procedure outlined in Code Ann. § 92-8436 (b). See *Williams v. Suwanee &c. Co.*, 96 Ga. App. 260, 263 (99 SE2d 734).

The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed. *Henderson v. Carter,* 229 Ga. 876 (195 SE2d 4); *Schaffer v. Oxford,* 102 Ga. App. 710 (117 SE2d 637). In *Blackmon v. Georgia Ind. Oilmen's Assn.,* 129 Ga. App. 171, 173 (198 SE2d 896) we said, "This sovereign immunity doctrine compels us to hold that neither [of the taxpayers] has standing to sue here because a suit for refund is not maintainable by a party who has not filed a claim for refund. . . In short, the state's consent to be sued is conditioned on the prior filing of a refund claim."

Also, in *Blackmon v. Georgia Ind. Oilmen's Assn.,* 129 Ga. App. 171, 173, supra, we rejected the contention of the appellant therein, as we reject it here, that to require it to present a claim for refund to the commissioner, when latter has assessed a deficiency against it would be to require a useless act.

*Judgment affirmed. Deen and Stolz, JJ., concur.*
ARGUED OCTOBER 1, 1974 — DECIDED OCTOBER 24, 1974.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Paul R. Jordan,* for appellant.
*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, H. Perry Michael, David A. Runnion, Assistant Attorneys General,* for appellee.