## 29257. GABLE INDUSTRIES, INC. v. BLACKMON.

INGRAM, Justice.

Certiorari was granted in this case primarily to review the decision of the Court of Appeals regarding the authority of the State Revenue Commissioner to grant permission to a taxpayer to file consolidated corporate income tax returns and to review the effect of a subsequent retroactive revocation of that permission by a successor commissioner after reliance thereon by the taxpayer.

This corporate taxpayer sought and received tentative permission in 1964 from the State Revenue Commissioner to file consolidated Georgia income tax returns with its wholly owned subsidiary corporation. The permission was "conditionable [sic] upon findings revealed in future audits." In 1966, similar "tentative permission" was granted to include an additional subsidiary corporation in the consolidated return group. Several years later, after audit, a successor Revenue Commissioner retroactively withdrew the earlier permissions to file consolidated returns and assessed the taxpayer for additional taxes and interest. These sums were paid under protest by the taxpayer and suit was brought for their recovery after refund claims were denied by the commissioner. The trial court granted a summary judgment in favor of the taxpayer for fiscal years 1965, 1966 and 1967, and granted a summary

judgment in favor of the Revenue Commissioner for fiscal year 1968, reserving the right for the Revenue Commissioner to determine the correctness of the taxpayer's returns for all tax years in question.

The Court of Appeals reversed the trial court's ruling in favor of the taxpayer and affirmed the ruling in favor of the Revenue Commissioner. The decision of the Court of Appeals determined that the Revenue Commissioner did not have authority to grant permission to the taxpayer to file consolidated corporate income tax returns and that the permissions which were granted to the taxpayer in this case were revocable by their terms. That court also concluded the taxpayer failed to prove its true and correct tax liability which must be done in a tax refund case.

The statute applicable to the permission issue in this case is found in Code Ann. § 92-3202 (Ga. L. 1931, Ex. Sess., p. 45; 1941, pp. 210, 219; 1943, p. 109), which provides in pertinent part that, "The income of two or more corporations shall not be included in a single return except with the expressed consent of the commissioner." The taxpayer argues that this statute gave the Revenue Commissioner authority to grant the permissions requested in this case and that once granted the permissions could not be retroactively revoked by a successor commissioner to the taxpayer's detriment after reliance thereon. The state argues that the Revenue Commissioner did not have the authority under this statute to permit the filing of these consolidated corporate income tax returns and that the permissions granted in this case could lawfully be revoked retroactively since they were invalid and also because the permissions were tentative and subject to future audits.

Georgia law was amended in 1969 to provide that corporations which file consolidated federal income tax returns "must file separate income tax returns with Georgia, unless they have prior approval or have been requested to file a consolidated return by the Department of Revenue." See Ga. L. 1969, pp. 114, 118. As noted by the Court of Appeals, Georgia law, prior to this 1969 statute, did not use the word "consolidated," but spoke only of a "single" return. This poses the question of what

difference, if any, lies in these two terms used in the tax statutes. We conclude that in the framework of Code Ann. § 92-3202 they refer to the same kind of tax return in contrast to a separate return. The transcript reveals that an officer of the Revenue Department used the terms "single" return and "consolidated" return interchangeably and we see no significant difference in them. Prior to 1941, Code Ann. § 92-3202 provided that, "The income of two or more corporations shall not be included in a single return." In 1941, this provision was amended to add the words, "except with the expressed consent of the Commissioner." As we construe this addition to Code Ann. § 92-3202, it was intended to authorize the Revenue Commissioner to allow affiliated Georgia corporations to file a single (or consolidated) state income tax return.

We next consider whether the terms of these permissions authorized their subsequent retroactive revocation after reliance upon them by the taxpayer. It is true each written permission stated either that it was tentative or was subject to a future audit. While the language used can be interpreted to warn the taxpayer that the permission granted might later be disapproved, prospectively, we think the language also authorizes the conclusion that after passage of a reasonable time for examination and audit of the consolidated returns, the permissions granted to file them would not thereafter be retroactively revoked. The record indicates that approximately four years elapsed between the date the first permission was given to the taxpayer to file a consolidated return and the subsequent retroactive revocation of that permission. During this period, additional permission was granted by the Revenue Commissioner for the taxpayer to consolidate the returns of another subsidiary corporation with the original two corporations in a single return.

The attempt to revoke these written permissions retroactively after the lapse of such an extended period of time, during, which the taxpayer was allowed to conduct its businesses in reliance thereon, creates an inequity under the circumstances of this case. If the Revenue Commissioner had intended to put the taxpayer

on notice that the permissions to file consolidated returns might be retroactively revoked, the language used in the documents should have expressed this intention in clear terms. This was not done and requires that we disapprove of the retroactive revocation as being legally ineffectual under the circumstances of this case. To hold otherwise, in our judgment, would tend to diminish confidence in the official acts of responsible public officials in the exercise of their statutory authority. We hold the State Revenue Commissioner was authorized to grant the permissions requested and granted in this case and that a successor Revenue Commissioner could not revoke these permissions retroactively to the detriment of the taxpayer after its reliance thereon.

The remaining question we address is the holding of the Court of Appeals that the taxpayer did not prove its true and correct tax liability in this suit for a refund. The taxpayer contends that its true and correct tax liability was reflected on its tax returns and that the present proceedings are for the purpose of recovering sums illegally collected from it. This suit for refund is a permissible procedure under Georgia law. See Code Ann. § 92-8436 (b) and annotations thereunder. The trial court's order specifically provided that: "The right is hereby reserved for the Revenue Commissioner to determine whether the returns [of the taxpayer] . . . are correct even upon a consolidated return basis. If the parties hereto cannot agree on such issues, the court reserves the right to have these issues determined in further proceedings."

It is clear to us from this provision of the trial court's order that whether the taxpayer has proved its true and correct tax liability in this case was not adjudicated by the trial court and remains an issue for further determination in that court. Therefore, the decision of the Court of Appeals must be reversed with direction that the case be remanded to the trial court for further consideration consistent with this opinion.

*Judgment reversed. All the Justices concur. Hall and Jordan, JJ., concur specially. Undercofler, P. J., and Hill, J., disqualified.*

Argued November 14, 1974 — Decided January 8, 1975 — Rehearing denied February 5, 1975.

*Troutman, Sanders, Lockerman & Ashmore, Carl E. Sanders, Dale M. Schwartz,* for appellant.

*Arthur K. Bolton, Attorney General, Lauren O. Buckland, Assistant Attorney General,* for appellee.

## On Motion for Rehearing.

Ingram, Justice.

The Revenue Commissioner argues vigorously, in a motion for rehearing, that since the written permission given the taxpayer to file consolidated income tax returns was revoked before the 1968 return was filed, it necessarily follows that the taxpayer could not have relied to its detriment on the earlier permission to file a consolidated return for 1968.

This argument overlooks an ingredient of the inequity this court found to exist under the circumstances of this case. The record shows that the commissioner allowed the taxpayer to rely on the original permission in the conduct of its business affairs for 1968 as well as for the earlier years. The taxpayer made critical business judgments in reliance thereon before learning that a successor Revenue Commissioner had decided to revoke the permission granted by his predecessor in office. Thus, the commissioner's tardy decision to revoke necessarily had a retroactive effect on all taxable years in question. It is interesting to note that the taxpayer's return for 1968 was marked "Consolidated Return" by the Department of Revenue. We decline to hold that the commmissioner may now treat it differently because of the inequity to the taxpayer that would result from doing so.

We also adhere to our original determination that the trial court has not passed upon the true and correct tax liability of the taxpayer for the years in question. The taxpayer has the burden of proof in this case and cannot carry it "by testimony simply affirming the correctness of the return." See *Hawes v. Shuman,* 123 Ga. App. 543, 549 (181 SE2d 708) adopted by this court in *Hawes v.*

*Shuman,* 228 Ga. 101 (184 SE2d 178). This issue and the remaining issues in the case must be adjudicated in the trial court and the case will be returned to that court for disposition.

*The commissioner's motion for rehearing is denied. All the Justices concur. Undercofler, P. J., and Hill, J., disqualified.*