## 51436. DALTON CARPET INDUSTRIES, INC. v. CHILIVIS.

MARSHALL, Judge.

This is an appeal by the taxpayer, Dalton Carpet, from the order of the trial court dismissing the taxpayer's affidavit of illegality. The State Revenue Commissioner caused to be issued a sales and use tax fieri facias against the taxpayer. The taxpayer filed a timely affidavit of illegality pursuant to Ga. L. 1931, pp. 7, 33 (Code Ann. § 92-7301) with accompanying bonds. The affidavit recited that one C. E. Goodroe was the affiant and the president of the taxpayer corporation, whereas the affidavit was executed by one K. J. Rosenbaum, President. A deposition reflected that the president of the taxpayer corporation is in fact K. J. Rosenbaum and that C. E. Goodroe is vice-president, a large stockholder in the corporation, and was surety on the bonds accompanying the affidavit of illegality. A motion to amend the affidavit to change the name of C. E. Goodroe to K. J. Rosenbaum to correct an alleged typographical error was denied by the trial court. That court concluded the affidavit was null and void, and granted the commissioner's motion to dismiss the affidavit of illegality. The court directed the taxpayer to satisfy the tax obligation. The taxpayer enumerates as error the sustaining of the commissioner's motion and dismissal of the affidavit of illegality with the concomitant direction to pay the tax obligation. *Held:*

We conclude the trial court erred in refusing to grant the taxpayer's motion to amend its affidavit of illegality. As we interpret an affidavit of illegality, it is the "petition" of a taxpayer seeking redress from what it considers an illegal tax assessment sought to be collected by the Department of Revenue. *Williams v. Farr,* 97 Ga. App. 881, 887 (104 SE2d 713), reversed on another ground, 214 Ga. 525 (106 SE2d 14); *Blairsville Hardware &c. Co. v. Oxford,* 105 Ga. App. 483 (125 SE2d 89); *Undercofler v. Ernhardt,* 111 Ga. App. 598 (1) (142 SE2d 317). The right to amend pleadings under the Civil Practice Act is very broad, even to the extent that there is no prohibition against the pleading of a new cause of action by amendment. Code Ann. § 81A-115 (Ga. L. 1966,

pp. 609, 627; 1968, pp. 1104, 1106); *McDonald v. Rogers,* 229 Ga. 369, 378 (7) (191 SE2d 844).

In this case, the affidavit of illegality purported to be that of the president of the corporation and recited that that officer had authority to execute the affidavit. The affiant was placed under oath and signed the affidavit in this person's capacity as president. The person actually signing the affidavit was the president of the corporation. Whether it was because the vice president signed two certificates of bond accompanying the affidavit or for some other reason, the body of the affidavit erroneously identified the president as C. E. Goodroe. It is clear, however, that the affidavit was intended to be executed by the president and was executed by K. J. Rosenbaum, president of the corporation. We find an abuse of discretion in refusing to allow the taxpayer to amend the obvious typographical error. *Locklear v. Morgan,* 127 Ga. App. 326 (193 SE2d 208).

The cases cited by the commissioner we deem to be totally inapposite. Those cases stand for the unassailable propositions that a corporation cannot itself make an oath but must affirm through a properly sworn officer (*Jamerson v. Midland Nat. Ins. Co.,* 106 Ga. App. 549 (127 SE2d 686)); that an affidavit must be signed and in the absence of signature is unamendable (*Craig v. Taylor,* 35 Ga. App. 375 (133 SE 278)); and that the taxpayer itself must pursue an affidavit of illegality and not a third party acting on behalf of the taxpayer or acting in its own behalf (*Williams v. General Finance Corp.,* 98 Ga. App. 31 (104 SE2d 649)). In this case the taxpayer did file its affidavit under oath through a qualified and sworn officer. That affidavit was personally signed by the president of the corporation. Lastly, the taxpayer was seeking relief for itself through the affidavit of illegality.

We conclude the trial court should have allowed the motion to amend the affidavit of illegality in accordance with CPA 15a (Code Ann. § 81A-115 (a)) and thereafter consider the affidavit upon its merits. Accordingly, the court erred in its refusal to allow the amendment and the subsequent dismissal of the affidavit. The third enumeration is rendered moot by our disposition hereinabove.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 16, 1976 —

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellant.

*Arthur K. Bolton, Attorney General, Franklin N. Biggins, Assistant Attorney General,* for appellee.