## 35384. NELSON v. TAYLOR et al.

UNDERCOFLER, Presiding Justice.

Roosevelt and Ruth Taylor filed a petition to adopt the illegitimate child of their son, Albert. The trial court granted the petition for adoption over the objection of the child's mother, and upheld the adoption statutes against her constitutional attack. The mother appeals. We reverse.

1. Code Ann. § 74-403 (a) provides that " . . . no adoption of a child with living parent(s) or guardian(s) of his person shall be permitted except where . . . (2) the parent(s) or the guardian(s) of the child has voluntarily and in writing surrendered all of his rights to the child *to a third person(s)* for the purpose of enabling that person(s) to adopt said child; or . . . (4) the parent(s) of the child has voluntarily and in writing surrendered all of his rights to the child *to a relative who is either a parent,* brother or sister, aunt or uncle, or son or daughter of either parent; . . ." (Emphasis supplied.)

Code Ann. § 74-404 (c) sets out the surrender form to be used by the parents in "voluntarily and in writing" giving up their rights to their child. A different form is required where the child is being surrendered to third persons than is necessary where the surrender is to relatives. The mother signed the (c) (1) form, appropriate for surrender to relatives, not the (c) (2) form, for surrender to third persons. She claims this was a defect

requiring dismissal of the adoption petition. We disagree.

The mother argues that under Code Ann. § 74-203 the mother of an illegitimate child is "the only recognized parent," and that therefore the putative father's parents are not "relatives" under the statute. It is clear, however, that the putative father is also a parent. Code Ann. § 74-202, for example, states that "[u]ntil majority, it is the joint and several duty of *each parent of an illegitimate child* to provide for the maintenance, protection and education of the child, . . ." (Emphasis supplied.) Furthermore, Code Ann. § 74-406 provides for notice to the biological father of the pending adoption, giving him the right to legitimate the child within 30 days, after which his consent is also necessary. This provision thus recognizes that a father has some parental rights, as well as duties, in regard to his illegitimate child. Compare Quilloin v. Walcott, 434 U. S. 246 (1978), affg. 238 Ga. 230 (232 SE2d 246) (1977), where it appears that the extent of his rights is related to the performance of his duties as a parent. We therefore hold the parents of the biological father are "relatives," Code Ann. § 74-403 (a)(4), and the proper surrender form was signed by the mother, Code Ann. § 74-404 (c)(1).

2. The mother next contends that her failure to sign the acknowledgement form set out in Code Ann. § 74-404 (c)(4) was also grounds for the trial court to dismiss the petition for adoption. We agree.

Code Ann. § 74-404 (c)(4) provides that "[a] surrender of parental rights *shall be acknowledged by the parent(s) or guardian(s) signing* in substantially the following form:" which is then set out in the section.[1] The trial court

---

[1]ACKNOWLEDGMENT OF SURRENDER OF PARENTAL RIGHTS

By execution of this paragraph, the undersigned expressly acknowledges: (1) that I have read the accompanying SURRENDER OF PARENTAL RIGHTS/ FINAL RELEASE FOR ADOPTION to my minor child born ————, a (female) (male); (2) that I understand that this is a full, final and complete surrender, release and termination of all of my rights to. said

ruled that the mother had voluntarily relinquished her rights and had understood that she had ten days to withdraw her surrender, which she had not done. It further concluded that the petitioners for the adoption had *"substantially complied* with the requirements for adoption set out in Chapter 74-4 of the Georgia Code." (Emphasis supplied.)

Code Ann. § 74-403 (a)(4) provides that "no adoption . . . shall be permitted except where . . . (4) the parent(s) of the child has voluntarily and *in writing* surrendered all his rights to the child . . ." (Emphasis supplied.) Two writings are required. Code Ann. § 74-404 (c)(1) requires a surrender of parental rights, final release for adoption. This was executed. See Division 1, supra. Code Ann. § 74-404 (c)(4) requires an acknowledgment of surrender of parental rights. It avers that the surrender of parental rights has been read, a copy received, its provisions explained, an opportunity afforded to consult with counsel, and the surrender knowingly, intentionally, freely and voluntarily made. This was not executed. It is mandatory that the acknowledgement must also be in writing and signed by the parent. Adoption statutes

---

child; (3) that I have the unconditional right to revoke said surrender by giving written notice, delivered in person or by registered mail, to————(insert name and address) not later than ten days from the date of the surrender and that after such ten-day period I shall have no right to revoke the surrender; (4) that I have read the accompanying surrender and received a copy thereof; (5) that any and all questions regarding the effect of said surrender and its provisions have been satisfactorily explained to me; (6) that I have been afforded an opportunity to consult with counsel of my choice prior to execution of the surrender; and (7) that the surrender of my rights has been knowingly, intentionally, freely and voluntarily made by me.

Witness my hand and seal this————day of————,————.

————(SEAL)
(Parent or Guardian)

should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to attack. Since the proper forms were not submitted to the trial court, it erred in failing to dismiss the petition.

Since we are here reversing the judgment of the trial court, we need not address the remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Marshall, J., who dissent.*

SUBMITTED SEPTEMBER 19, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 6, 1979.

*Robert Rosenblum, Roy M. Sobelson, John L. Cromartie, Jr.,* for appellant.

*Dennis J. Strickland, Sr., Arthur K. Bolton, Attorney General,* for appellees.

NICHOLS, Chief Justice, dissenting.

I agree with the majority that "Adoption statutes should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to attack." However, the rule is not one of form for the sake of form. It is one of form for the sake of substance. The substance of the rule is to preclude a later attack on the adoption.

Code Ann. § 74-403 (a)(4) provides insofar as it is relevant to the present case that "no adoption . . . shall be permitted except where . . . the parent(s) of the child has voluntarily and *in writing surrendered* all his rights to the child . . ." (Emphasis supplied.) The *surrender* must be in writing. In this case, the surrender was in writing. The *acknowledgment* of the surrender was not in writing and signed by the mother who was contesting the adoption. The referenced Code section does not expressly state that the *acknowledgment* also must be in writing.

Code Ann. § 74-404 provides, in relevant part, that "A *surrender* . . . shall be executed . . . in the presence of a notary." No parallel requirement expressly is stated pertaining to the *acknowledgment* of the surrender, as

distinguished from the surrender itself. Code Ann. § 74-404 (c)(4) strongly implies that the acknowledgment also must be in writing by stating that "A surrender of parental rights shall be acknowledged by the parent(s) . . . *signing* in *substantially* the following form." (Emphasis supplied.) To say that the form must be signed is to imply in the very strongest of terms that the acknowledgment is to be in writing. But the express statutory requirement is one of *substantial* compliance, rather than *strict* compliance, with a form. Thus, although adoption laws should be strictly construed so as to prevent later attacks upon the adoption proceedings, the rule of strict construction should not be so strictly applied by this court as to require strict compliance with a statutory provision in respect to which the General Assembly expressly has required no more than substantial compliance. It is at this point of the analysis that I must part from the majority.

The facts are these: The mother signed the surrender form but did not sign the acknowledgment form. I agree with the majority that she signed the correct surrender form. Instead of her signing the acknowledgment form, counsel for the adoptive parents (the parental grandparents) examined the mother during the adoption proceedings as to all of the various substantive requirements of the acknowledgment form as set forth in Code Ann. § 74-404 (c)(4), receiving her responses under oath which either strictly, or at least substantially, complied with the answers she would have given to each of the points of inquiry had she signed the acknowledgment form. The substance of the matter is identical whether she signed a form or testified under oath. She would not later be able to attack the adoption proceedings.

I believe the majority's opinion pays too much attention to form and too little attention to substance. Hence, I respectfully must dissent.