## 65140. TYSON et al. v. DEPARTMENT OF HUMAN RESOURCES et al.

SOGNIER, Judge.

Cheryl and Joseph Tyson filed a petition to adopt a two-year-old girl. The Department of Human Resources moved to dismiss the petition on the ground that the petitioners had failed to follow the proper procedure in attempting to adopt the child. After a hearing on the matter, the trial court dismissed the adoption petition; the Tysons appeal.

The parties stipulated to the following pertinent facts: that the natural mother had voluntarily signed a surrender of her parental rights so that Jackie and Daniel Daniels could adopt her child; that Mrs. Dainels was named as the natural mother's sister in the surrender but that this was not true; that the Daniels had decided not to adopt the child and had assigned their rights to adopt the child to the Tysons; that the Tysons received oral consent from a representative of DHR to proceed with the adoption; and that the trial court requested written consent from DHR but that the department subsequently refused to give written consent to the adoption.

Appellants contend that the trial court erred in dismissing the adoption petition because the natural mother had voluntarily surrendered the child for adoption; there was a valid assignment of the rights to adoption by the Daniels to the Tysons; and DHR had consented to the adoption. We disagree with all of appellants' contentions and affirm.

OCGA § 19-8-3 (formerly Code Ann. § 74-403) provides: "(a) Except as otherwise specified in Code Section 19-8-6, no adoption of a child who has a living parent(s) or guardian(s) of his person shall be permitted except where: . . . (3) The parent(s) or the guardian(s) of the child has voluntarily and in writing surrendered all of his rights to the child to a *third person(s)* for the purpose of enabling that person(s) to adopt the child; . . . (5) The parent(s) of the child has voluntarily and in writing surrendered all of his rights to the child to a *relative* who is either a parent, brother or sister, aunt or uncle, or son or daughter of either parent; . . . ." (Emphasis supplied.)

The surrender of the natural mother's parental rights conformed substantially to the form provided for in OCGA § 19-8-4 (c) (1) (formerly Code Ann. § 74-404 (c) (1)) concerning adoption by a relative. Thus, we must consider the adoption proceedings to have begun under OCGA § 19-8-3 (a) (5) (Code Ann. § 74-403) rather than OCGA § 19-8-3 (a) (3). It is undisputed that Mrs. Daniels, while named as the natural mother's sister in the release form, was *not* a

relative of the natural mother.

A different form is required where the child is being surrendered to third persons than is necessary where the surrender is to relatives. *Nelson v. Taylor,* 244 Ga. 657 (1) (261 SE2d 579) (1979). Under the circumstances, the surrender of parental rights was fatally defective, and the natural mother retains her rights to the child. The requirements of the adoption statute are mandatory and "should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to attack." Id. at 660. See also *Bozeman v. Williams,* 248 Ga. 606 (285 SE2d 9) (1981). For this reason, the trial court was correct in denying the adoption petition.

Had the adoption proceeded under OCGA § 19-8-3 (a) (3) (formerly Code Ann. § 74-403 (a) (3)), and OCGA § 19-8-4 (c) (2) (formerly Code Ann. § 74-404 (c) (2)), surrender of parental rights to a third person for the purpose of enabling *that* person to adopt the child, appellants may have been eligible to adopt the child 60 days after the surrender of parental rights to the Daniels if the Daniels had failed to proceed with the adoption. DHR's consent to the adoption would have been required under these circumstances. OCGA § 19-8-3 (b) (formerly Code Ann. § 74-403 (b)). However, there is nothing in the adoption statute which authorizes an assignment of adoption rights from one third party to another. The Department did not give its written consent to appellants' adoption of the child, nor did the Department execute an affidavit under OCGA § 19-8-4 (c) (3) (formerly Code Ann. § 74-404 (c) (3)) which is required whenever parental rights are surrendered to DHR.

The trial court did not err in dismissing the petition for adoption.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 11, 1983.

*Henry G. Bozeman,* for appellants.
*Michael J. Bowers, Attorney General, Vivian D. Egan, William Tribble, David C. Will, Assistant Attorneys General,* for appellees.