### 39485. JOHNSON v. SMITH.

WELTNER, Justice.

Crystal L. Johnson brought habeas corpus action under OCGA § 9-14-1 (b) (Code Ann. § 50-101), alleging that her infant daughter was being detained illegally from her custody by the respondent, Patricia Ann Smith. Ms. Smith defended on the ground that Ms. Johnson had entered into a voluntary oral contract by which she released the right of parental control over the child to her, as provided in OCGA § 19-7-1 (b) (1) (Code Ann. § 74-108). The trial court agreed and entered judgment for Ms. Smith.

Ms. Johnson became pregnant in 1980. She was unmarried and employed as a teacher's assistant in Savannah. The putative father took no interest in or responsibility for the child. Because of her uncertain financial condition and of her desire to provide a good home for the child, Ms. Johnson decided to put her child up for adoption after birth.

Approximately two months before the birth, Ms. Johnson met Ms. Smith through a mutual acquaintance. Ms. Johnson agreed to give custody of the child to Ms. Smith and to sign any papers necessary for adoption, while Ms. Smith agreed to accept the child and provide a good home for her. Ms. Smith informed Ms. Johnson that it was her understanding that, under the Georgia adoption law, either party might change her mind; each assured the other that she

would not change her mind. Ms. Johnson stated at trial that, at the time of this agreement, she intended for Ms. Smith to adopt the child.

LaVarez Nicole Johnson was born November 9, 1980. Three days later Ms. Johnson gave Nicole to Ms. Smith. Ms. Smith had the prepared adoption papers on that day, but they were not signed at that time nor at any time thereafter.

In June 1981, Ms. Smith's attorney sent to Ms. Johnson an acknowledgement of surrender of parental rights, requesting that she sign it. Ms. Johnson refused, indicating that she had changed her mind, and requested that the child be returned to her. Ms. Smith refused, and this action was commenced July 31, 1981, resulting in judgment for Ms. Smith.

1. Ms. Johnson appealed directly to this Court based upon our jurisdiction over habeas corpus cases. 1976 Ga. Const., Art. VI, Sec.II, Par. IV (Code Ann. § 2-3104). We then transferred the case to the Court of Appeals by order. The Court of Appeals interpreted our transferral as a determination that the case did not involve habeas corpus, but rather child custody, and dismissed for failure to file an application as required by OCGA § 5-6-35 (Code Ann. § 6-701.1). We then granted a writ of certiorari to consider the disposition of the case by the Court of Appeals.

As Ms. Johnson was the natural mother of the child and contended that there had never been a transfer of custody to Ms. Smith, she properly brought complaint as habeas corpus, OCGA § 9-14-1 (b) (Code Ann. § 50-101), and the case should have remained with our Court. We now proceed to decide the appeal on its merits.

2. The record in this case demonstrates that the parties intended to effect an adoption of the child, and that the intended adoption failed due to a change of heart on the part of Ms. Johnson. Documents were prepared to comply with OCGA § 19-8-4 (Code Ann. § 74-404), which sets out the statutory procedure for surrender of parental rights. Despite at least two attempts to have Ms. Johnson sign these papers, this was never done.[1]

The procedure for surrender of parental rights, set out in OCGA § 19-8-4 (Code Ann. § 74-404), requires strict compliance. "Adoption statutes should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to

---

[1] Had Ms. Johnson signed a surrender of parental rights, she would have had an automatic right to withdraw the surrender by written notice within ten days after signing. OCGA § 19-8-4 (b) (Code Ann. § 74-404).

attack." *Nelson v. Taylor,* 244 Ga. 657, 659-60 (261 SE2d 579) (1979). Where an intended adoption fails due to a lack of compliance with the adoption statutes, an alleged surrender of parental rights will not then be upheld under OCGA § 19-7-1 (b) (1) (Code Ann. § 74-108), as such a procedure would tend to vitiate the policies underlying the adoption statutes. *Bozeman v. Williams,* 248 Ga. 606 (285 SE2d 9) (1981). "This court will not convert an invalid consent to adoption into a valid contractual release of parental rights." Id. at page 608.

As we conclude that this case falls squarely under the holding in *Bozeman,* we need not consider the validity of OCGA § 19-7-1 (b) (1) (Code Ann. § 74-108), or the effect of the enactment of the Adoption Act of 1977 (Ga. L. 1977, p. 201) upon that provision.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Clarke and Smith, JJ., who dissent.*

DECIDED MAY 11, 1983 —
REHEARING DENIED MAY 11, 1983.

*Charles W. Bell,* for appellant.
*Richard M. Cowart,* for appellee.