## 77781. CALHOUN v. SOMOGYI.
### (379 SE2d 595)

BIRDSONG, Judge.

Oral Contract—Long Arm Statute. Graham G. Calhoun and Ildiko Von Somogyi, as man and wife, owned, operated and received income from a photography business located in Fulton County, Georgia, during the years 1983-1985. They maintained a joint residence. In April, 1985, they filed joint federal and state tax returns for income earned in 1984. Additionally, normal household expenses were incurred. On or about July 1, 1985, Ildiko Von Somogyi departed the State of Georgia and established residence in the State of California. Before she left, however, she allegedly entered into an oral contract with her husband Graham Calhoun to pay "half of their marital indebtedness in the event their marriage was dissolved." By decree of final divorce dated January 22, 1986, the marriage was terminated. Somogyi did not contest the divorce and Calhoun, acting pro se, made no mention of the pre-divorce contract for settlement of marital indebtedness in the divorce action, nor does any reference thereto appear in the decree of divorce. In October 1985, Calhoun paid half of the tax liability on the federal return and over a period of time paid outstanding household marital expenses. Calhoun requested Somogyi to pay her half pursuant to the oral contract, which she has consistently declined to do. In August 1986, the federal tax authorities levied on Calhoun's bank balance to satisfy Somogyi's portion of the tax owed for 1984. Somogyi likewise has refused to pay any ordinary and necessary household expenses incurred during the existence of the

marriage. In June 1987, Calhoun filed suit to gain enforcement of the oral contract. Somogyi moved to dismiss the petition on grounds of res judicata and lack of jurisdiction. The motion to dismiss was granted but with leave to refile in any court of competent jurisdiction. Calhoun's motion for discretionary appeal was granted. This appeal followed. *Held*:

1. The trial court granted Somogyi's motion to dismiss on two basic grounds. At the hearing on the motion, both parties agreed that the divorce decree was wholly silent as to any settlement other than the dissolution of the marital bond. The trial court concluded, erroneously we hold, that any marital obligations between the parties must have been placed in issue and decided in the final judgment of divorce. The failure to include the July 1985 agreement to jointly and equally pay marital indebtednesses in the divorce decree was held to be res judicata as to that earlier agreement. However, this court has held: " 'Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree.' " *Lee v. Lee*, 148 Ga. App. 321, 322 (251 SE2d 171). " '[W]here no issue was raised *and decided* with respect to particular [rights] . . . the parties were not bound under the principles of res judicata in subsequent litigation with respect to such [rights] [cits.] Thus, the true rule of res judicata in divorce and alimony cases seems to be that a final decree has the effect of binding the parties and their successors as to all matters which were actually put in issue and decided, or which by necessary implication were decided between the parties.' " (Emphasis deleted.) *Brookins v. Brookins*, 257 Ga. 205, 207 (357 SE2d 77). This record is completely silent as to the July 1985 agreement and the parties' intent relating thereto in the decree of divorce of January 1986. Thus the law leaves the parties where it found them and the 1986 divorce decree is not res judicata as to the July 1985 oral contract.

2. The trial court also found that appellee Somogyi was not subject to the jurisdiction of a Georgia court under any of the five grounds enumerated in the Georgia Long Arm Statute, OCGA § 9-10-91. Once again, we must disagree with the conclusion of the trial court. The pleadings submitted by appellant Calhoun and not refuted by Somogyi indicate that all during 1983-1984 and until July 1985, Somogyi was actively engaged with Calhoun in running a business in Fulton County, Georgia, and earning an income therefrom. They incurred household expenses while living together in that same area. A joint income tax return was filed in April 1985, as a direct result of and to cover the business activities and income generated thereby both with the federal and state taxing authorities. The agreement of

July 1985 assertedly grew out of and was caused by the joint activities of Calhoun and Somogyi during the years 1984 and 1985.

At the time the oral contract was executed, Somogyi was a resident of Georgia but at the time of this litigation, was a resident of California. However, the term "nonresident" includes an individual who, at the time a claim or cause of action arises was residing in Georgia and subsequently becomes a resident outside of this state as of the date of perfection of service of process. OCGA § 9-10-90; *Stone v. First Nat. Bank of Atlanta*, 159 Ga. App. 812, 813 (285 SE2d 207). Therefore, if otherwise applicable, Somogyi is subject to the provisions of the Long Arm Statute. The primary issue, thus, is whether Somogyi had the requisite "minimum contacts" in this state. See generally *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 849-850 (366 SE2d 223). " 'Presence' in the [forum] state . . . has never been doubted when the activities . . . have not only been continuous and systematic, but also give rise to the liabilities sued on. . . ." *International Shoe Co. v. State of Wash.*, 326 U. S. 310, 317 (66 SC 154, 90 LE 95). "Under our Long Arm Statute, jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285). The nationwide trend of interpretive opinions is to construe long arm "transacting any business" statutes most liberally and to uphold the jurisdiction of the forum court in actions arising, either directly or indirectly, out of such transactions. *McGee v. Intl. Life Ins. Co.*, 355 U. S. 220, 222 (78 SC 199, 2 LE2d 223). To the extent that Ms. Somogyi exercised the privilege of jointly conducting business activities in Georgia, she enjoyed the benefits and protection of the laws of Georgia. The acceptance of that privilege of earning income and incurring indebtednesses gave rise to obligations and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires her to respond to a suit brought to enforce those obligations can, in this instance, hardly be said to be undue. *Hollingsworth v. Cunard Line, Ltd.*, 152 Ga. App. 509, 514-515 (263 SE2d 190), citing with approval *International Shoe Co. v. State of Wash.*, supra at p. 319.

3. In his enumeration of error 3, Calhoun complains that he was denied erroneously the right to amend his complaint to cure jurisdictional defects and allege claims not barred by res judicata. In the light of our holding in Divisions 1 and 2 of this opinion, it would appear this enumeration is mooted. Nevertheless, this state has a liberal policy for allowing amendment. OCGA § 9-11-15 (a) allows a party to

amend as a matter of course and without leave of court at any time before entry of a pretrial order. See *McDonald v. Rogers*, 229 Ga. 369, 378 (7) (191 SE2d 844); *Dalton Carpet Indus. v. Chilivis*, 137 Ga. App. 266 (223 SE2d 460).

· *Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 27, 1989.

*Gill Law Firm, Joe D. Calhoun*, for appellant.
*George C. McKaig*, for appellee.