A89A1750. DOVER et al. v. DOVER.
(388 SE2d 35)

BANKE, Presiding Judge.

The appellee executed a release form purporting to surrender her parental rights with respect to her minor child to the appellants, who are the appellee's natural father and his wife. The appellee thereafter filed a motion to rescind this release after the appellants petitioned to adopt the child. The trial court entered an order dismissing the adoption petition based on a finding that the purported surrender of parental rights was invalid due to a technical defect, and this appeal followed.

At the hearing on the motion to withdraw her surrender, the appellee maintained that the form which she had signed was defective because it was the one set out at OCGA § 19-8-4 (c) (2), pertaining to adoption by non-relatives, rather than the one set out at OCGA § 19-8-4 (c) (1), pertaining to adoption by relatives. She argues that use of the "relative" form would have been more appropriate in this case because her father is one of the petitioners. The appellants, on the other hand, argue that because the father's wife has no blood relationship to the child, use of the "non-relative" form was more appropriate. *Held:*

The appellee relies on *Tyson v. Dept. of Human Resources,* 165 Ga. App. 414 (301 SE2d 485) (1983), in support of her contention that use of the "non-relative" form in this case rendered her purported surrender of parental rights invalid. In *Tyson,* the natural mother had

signed the surrender form pertaining to adoption by relatives, but neither of the individuals to whom she purported to surrender her rights were in fact relatives. These individuals thereafter attempted to assign their rights under the surrender form to two other persons who also were not related to the child, and those persons in turn commenced adoption proceedings. We held that the surrender was invalid under the circumstances, both because "[a] different form is required where the child is being surrendered to third persons than is necessary where the surrender is to relatives," and because "there is nothing in the adoption statute which authorizes an assignment of adoption rights from one third party to another." Id. at 415. Cf. *Nelson v. Taylor*, 244 Ga. 657 (1) (261 SE2d 597) (1979) (holding that use of the surrender form pertaining to relatives was proper in the case of an adoption petition brought by the paternal grandparents of an illegitimate child.)

In the present case, neither of the two surrender forms would have been entirely appropriate, since one of the adoption petitioners is a relative and the other is not. The appellants chose to use the "non-relative" form under these circumstances undoubtedly because the class of persons encompassed by it is broader than the class encompassed by the "relative" form. In this situation, we conclude that it was error for the trial court to dismiss the adoption petition solely on the technical ground that the wrong form had been used. However, in making this decision, it is not our intention to preclude or to prejudge any contention by the appellee that the surrender was invalid for some other reason, such as because it was not freely and voluntarily given. See generally *Ritchie v. Dillon*, 103 Ga. App. 7 (2) (118 SE2d 115) (1961).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 7, 1989.

*Billy R. Kight*, for appellants.
*Judson L. Green III*, for appellee.