A03A2486. REEVES et al. v. HAYES et al.
(596 SE2d 668)

MILLER, Judge.

The paternal grandparents of a minor child filed a petition for a change of custody. The trial court dismissed the action, finding that because the petition was based on a void order of legitimation, the paternal grandparents lacked standing to challenge custody. This Court granted the appellants' application for discretionary review. Because the trial court erred in finding that the paternal grandparents lacked standing, we reverse.

David and Gloria Reeves are the paternal grandparents of a minor child. The Reeveses' son, the father of the child, was not married to the child's mother and died before the child was born. In May 2001, the child's mother entered into a consent order establishing paternity and granting the Reeveses visitation with the child. In December 2001, the mother and the Reeveses (as administrators of the estate of their deceased son) entered into a subsequent consent order on the Reeveses' petition to legitimate the child.

In February 2003, the Reeveses filed a petition to obtain custody of the minor child. In March 2003, the mother by contract relinquished her parental right regarding the child to the maternal grandmother. See OCGA § 19-7-1 (b) (1). The maternal grandmother then filed a motion to dismiss the Reeveses' petition for custody in April 2003. The trial court found that the legitimation was void on its face and a mere nullity as only the father has a right to legitimate a child, and dismissed the Reeveses' petition.

We agree that only a father has the right to petition for legitimation. OCGA § 19-7-22 (a); see *Pruitt v. Lindsey*, 261 Ga. 540, 542 (2) (407 SE2d 750) (1991). However, we find no authority limiting a grandparent's standing to challenge custody to circumstances where the father has legitimated the child (which is an impossibility in this case as the father died before the child was born).

The term "grandparent" is defined in OCGA § 19-7-3 (a) as the parent of a parent of a minor child, or the parent of a child's parent who has died. Although this definition is limited to this Code section (outlining visitation rights for grandparents), it sheds light upon a grandparent's status as that of the parent of a parent. Here the deceased father was a parent of the minor child as his paternity had

been established. It follows then that the father's parents are grandparents, regardless of whether the father had legitimated the child. See *Nelson v. Taylor*, 244 Ga. 657, 658 (1) (261 SE2d 579) (1979) (father of illegitimate child is a parent, even without legitimation; therefore, father's parents are relatives for purposes of adoption). Indeed, a grandparent has certain rights independent of those of the parents of the child (see OCGA § 19-7-3), and even where the father has not legitimated the child, he maintains some parental rights and duties. See *Nelson*, supra, 244 Ga. at 658 (1). We cannot say that the rights of a grandparent are affected by the father's failure to legitimate the child, as the Supreme Court of Georgia has held that once paternity has been established, the only rights affected by legitimation are the rights of the father. See *Pruitt*, supra, 261 Ga. at 542 (2).

The Reeveses' right as paternal grandparents to bring an action for custody is controlled by a showing that their son was a parent of the child, not by their son legitimating the child. Therefore, we hold that the court erred in finding that the Reeveses lacked standing, reverse the judgment, and remand the case for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004 —
RECONSIDERATIONS DENIED MARCH 17, 2004 —

*Ken W. Smith*, for appellants.
*Durden, Kaufold, Rice & Barfield, Howard C. Kaufold, Jr.*, for appellees.